James F. McCabe (SBN 104686)
Stuart C. Plunkett (SFN 187971)
Meghan M. McBerry (SBN 334464)
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105-0912
Telephone: 415-243-1000
Facsimile:  415-243-1001
jim.mccabe@alston.com
stuart.plunkett@alston.com
meghan.mcberry@alston.com

Attorneys for Defendant
LEXISNEXIS RISK SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BERNARD J. PATTERSON; JOSHUA P. ADAMS; LINDA G. JORDAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO., et al.,<br><br>Defendants. | Case No. 3:23-cv-03858-TLT<br><br>**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT AND JOINDER IN WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**<br><br>**Judge:** Hon. Trina L. Thompson<br>**Date:** April 2, 2024<br>**Time:** 2:00 p.m.<br>**Ctrm:** 9<br><br>Amended Complaint Filed: November 6, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 2, 2024, at 2:00 p.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Trina L. Thompson of the United States District Court for the Northern District of California, located in Courtroom 9, Nineteenth Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant LexisNexis Risk Solutions Inc. ("LexisNexis Risk"), will and hereby does move the Court, pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)(6), for an order dismissing each claim for relief asserted in the First Amended Complaint ("FAC") filed Plaintiffs Bernard J. Patterson, Joshua P. Adams, and Linda G. Jordan (collectively, "Plaintiffs").

LexisNexis Risk further submits this Notice of Joinder in Wells Fargo & Co. and Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss ("Wells Fargo Motion"), filed concurrently herewith.

LexisNexis Risk brings this Motion on each of the grounds asserted in the Wells Fargo Motion (except the arguments specific to the question whether Wells Fargo & Co. is a proper defendant.) LexisNexis Risk brings this Motion on the additional ground that the FAC fails to allege any specific conduct of LexisNexis Risk in support of Plaintiffs' claims, fails adequately to allege the provision by LexisNexis Risk of a "consumer report" as that term is defined in the Fair Credit Reporting Act, and fails to allege a basis for any duty of care owed by LexisNexis Risk to Plaintiffs.

LexisNexis Risk bases this Motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Wells Fargo Motion, all other pleadings and papers filed in this action, oral argument of counsel, and any other matters that may come before the Court.

DATED: December 11, 2023

**ALSTON & BIRD LLP**

*/s/ James F. McCabe*
James F. McCabe

Attorney for Defendant
LexisNexis Risk Solutions Inc.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I.  INTRODUCTION ................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 2

III.  LEGAL STANDARD .............................................................................................. 3

IV.  ARGUMENT ........................................................................................................... 4

    A.  Plaintiffs Fail to Identify Specific Conduct by LexisNexis Risk. ...................... 4

    B.  Plaintiffs Fail to State a FCRA Claim Against LexisNexis Risk Because They Fail to Allege LexisNexis Risk Furnished Wells Fargo Bank With Consumer Reports About Them. ........................................................................ 6

    C.  Plaintiffs Fail to State a Negligence Claim Against LexisNexis Risk ............... 8

V.  CONCLUSION ...................................................................................................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This case was originally filed in August 2023 against Wells Fargo entities and its vendor, Early Warning Services, LLC ("Early Warning"), alleging that Wells Fargo and its vendor conspired to open deposit accounts on which Wells Fargo would be victimized by identity thieves.  LexisNexis Risk was added as a defendant when the First Amended Complaint ("FAC") was filed on November 6, 2023.  The gist of the FAC is now that Wells Fargo and *two* of its vendors (Early Warning and LexisNexis Risk) conspired to open deposit accounts on which Wells Fargo would be victimized by identity thieves.  Why Wells Fargo and its vendors would conspire to have their products *fail* to detect attempted fraud and to *lose* Wells Fargo money is never explained—this is the overarching implausibility problem with the FAC as a whole.  And an adequate prefiling investigation would have revealed that LexisNexis Risk (a Georgia corporation), which *is* a consumer reporting agency under the FCRA, is not a proper defendant—it did not provide to Wells Fargo the products Wells Fargo used in opening the accounts at issue here.  "LexisNexis" identity verification products are provided to customers by LexisNexis Risk Solutions FL Inc., (a Minnesota corporation), which is *not* a consumer reporting agency.  As documents referenced by Plaintiffs themselves in the FAC make clear, "LexisNexis" identity verification products are not "consumer reports" and are not provided by "consumer reporting agencies."[1]

---

[1] "The LexisNexis Risk Solutions services referenced herein are not provided by 'consumer reporting agencies' as that term is defined in the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.) ('FCRA') and do not constitute 'consumer reports,' as that term is defined in the FCRA. Accordingly, the LexisNexis Risk Solutions services referenced herein may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another purpose in connection with which a consumer report may be used under the FCRA." https://risk.lexisnexis.com/products/lexisnexis-fraud-intelligence (last visited Dec 7, 2023), cited in FAC ¶ 26 n.5; "InstantID® . . . does not constitute a 'consumer report' as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, InstantID® . . . may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA. Due to the nature and origin of public record information, the public records and commercially available data sources used in reports may contain errors." https://risk.lexisnexis.com/products/instantid (last visited Dec. 7, 2023), cited in FAC ¶ 26 n.5.  "The LexisNexis Risk Solutions services referenced herein are not provided by 'consumer reporting agencies,' as that term is defined in the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*) ('FCRA') and do not constitute 'consumer reports,' as that term is defined in the FCRA. Accordingly, the LexisNexis Risk Solutions services referenced herein may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another

LexisNexis Risk moves to dismiss the case it in its entirety. For the reasons set forth in the Wells Fargo Motion filed contemporaneously herewith, the FAC fails to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). LexisNexis Risk joins in and incorporates those arguments herein by reference. Plaintiffs fail to state any claim against LexisNexis Risk for the additional and independent reason that the FAC does not identify the specific conduct or transactions of LexisNexis Risk that allegedly harmed Plaintiffs. Plaintiff Patterson fails to state a claim against LexisNexis Risk under the Fair Credit Reporting Act ("FCRA") because he fails to allege facts sufficient to support the conclusion that LexisNexis Risk provided a "consumer report" about him to Wells Fargo. Plaintiff Patterson fails to state a claim against LexisNexis Risk for negligence either because the claim is preempted by the FCRA (assuming he has adequately alleged the communication of a "consumer report"), or because he fails adequately to allege any basis for a duty owed by LexisNexis Risk to Plaintiffs. The other Plaintiffs fail to state FCRA and negligence claims because they do not adequately allege the communication by LexisNexis Risk of any report about them at all.

## II.     BACKGROUND

LexisNexis Risk incorporates by reference the Background set forth in the Wells Fargo Motion and highlights below allegations relevant to this Motion.

Plaintiffs assert that Defendants Wells Fargo, Early Warning, and LexisNexis Risk operated as an enterprise and engaged in a pattern of racketeering activity in violation of RICO as well as other statutes. (FAC ¶¶ 178-302 (also alleging claims for negligence and gross negligence).) Plaintiffs allege that Wells Fargo "opened unauthorized consumer checking accounts in victims' names without their knowledge or consent" (*id.* ¶ 23), and that these accounts were opened after Wells Fargo used "Early Warning ***and/or*** [LexisNexis Risk] to provide 'identify verification'" services (*id.* ¶ 24 (emphasis added).) The FAC repeatedly uses the phrase "Early Warning ***and/or***

---

purpose in connection with which a consumer report may be used under the FCRA." https://risk.lexisnexis.com/products/lexisnexis-fraud-intelligence (last visited Dec. 7, 2023), cited in FAC ¶ 26 n.5. *See Dichter-Mad Fam. Partners, LLP v. United States*, 709 F.3d 749, 762 (9th Cir. 2013) ("Court 'may ... consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.'").

[LexisNexis Risk]" to describe the source of information Wells Fargo allegedly received in opening the accounts at issue. (*See, e.g.*, *id.* ¶¶ 145-147, 150, 153, 209.)

While the FAC alleges that LexisNexis Risk is in the business of providing "'consumer reports' to third parties," (*see* FAC ¶ 9), there is no clear allegation (even a wholly conclusory allegation) anywhere in the FAC that LexisNexis Risk provided a "consumer report" about any Plaintiff to Wells Fargo. The FAC alleges that Wells Fargo "uses Early Warning and/or [LexisNexis Risk] to provide '*identity verification*' and/or '*Know Your Customer*' services when it opens new consumer banking accounts." (*Id.* ¶ 24 (emphasis added).) In alleging the specific transactions at issue for the three Plaintiffs, LexisNexis Risk is only mentioned with respect to Plaintiff Bernard Patterson. The allegation there is that Wells Fargo received "identity verification services" from "Early Warning ***and/or*** [LexisNexis Risk]." (*Id.* ¶¶ 44, 51, 153, 188 (emphasis added).) With respect to the transactions for Plaintiffs Joshua Adams and Linda Jordan, the FAC includes no allegations regarding LexisNexis Risk. (*Id.* ¶¶ 92-121.) Instead, to the extent the FAC provides any allegations sufficient to identify the accounts or transactions at issue, only Early Warning is discussed as having potentially provided information to Wells Fargo. (*See, e.g.*, *id.* ¶¶ 52, 101-104, 120-121.) The FAC also alleges in certain paragraphs that the transactions at issue involved only Early Warning. (*See, e.g., id.* ¶ 1 (alleging that Wells Fargo engaged in "money laundering" "with assistance from Early Warning").)

In paragraphs 285 and 286 of the FAC, Plaintiffs allege that Early Warning and LexisNexis Risk owed them a duty "to not falsely verify Plaintiffs' . . . identities," and to "inform Wells Fargo that the personal identification information Wells Fargo associated with the Plaintiffs' . . . accounts was false." However, nowhere in the FAC do Plaintiffs allege facts that would impose upon LexisNexis Risk any duty whatsoever to Plaintiffs.

### III.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations without more are insufficient to defeat a motion to dismiss. *In re Webkinz Antitrust Litig.*, 695 F. Supp. 2d 987, 993 (N.D. Cal. 2010).

Furthermore, where a plaintiff's claims sound in fraud, the allegations must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). *Grier v. Finjan Holdings, Inc. (In re Finjan Holdings, Inc. Sec. Litig.)*, 58 F.4th 1048, 1057 (9th Cir. 2023). Rule 9(b) applies even if fraud is not an essential element of the claim. *Id.*

## IV.   ARGUMENT

### A.   Plaintiffs Fail to Identify Specific Conduct by LexisNexis Risk.

Plaintiffs cannot state a claim against LexisNexis Risk without alleging the specific conduct at issue and thus putting LexisNexis Risk on notice of the basis of the claims against it. *See, e.g.*, *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2014) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.'") (quoting *In re iPhone Application Litig.*, No. 11-MD-2550-LHK, 2011 U.S. Dist. LEXIS 106865, at *27 (N.D. Cal. Sept. 20, 2011)); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (N.D. Cal. 2014) ("The rambling complaint lacks facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend."). Indeed, "Rule 8(a)(2) requires the complaint to put defendants on sufficient notice of the allegations against them" because "[a]bsent such notice, the defendants cannot respond to or otherwise defend the action." *Yu v. Design Learned, Inc.*, No. 15-cv-05345-LB, 2016 U.S. Dist. LEXIS 54374, at *13-14 (N.D. Cal. Apr. 22, 2016) (dismissing claim where plaintiff's allegations "fail[ed] to differentiate among the defendants"). Allegations that fail to identify the "specific conduct undertaken" by each defendant "are insufficient to withstand a motion to dismiss." *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1020 (N.D. Cal. 2009) (citing *Twombly*, 550 U.S. at 555); *see also Richards v. County of Los Angeles*, No. CV 17-400 BRO (AGRx), 2017 U.S. Dist. LEXIS 220754, at *13 (C.D. Cal. Mar. 31, 2017) (dismissing RICO claim where plaintiff failed to identify "specific act" defendant committed).

1  Further, because Plaintiffs' claims all sound in fraud, as set forth in the Wells Fargo Motion,
2  they must "meet Rule 9(b)'s heightened pleading standards." *Resolute Forest Prods. v. Greenpeace*
3  *Int'l*, 302 F. Supp. 3d 1005, 1022 (N.D. Cal. 2017); *see also In re Finjan Holdings, Inc. Sec. Litig.*,
4  58 F.4th at 1057. That means the FAC "must identify the specific role of each defendant in each
5  scheme" (*Resolute Forest Prods.*, 302 F. Supp. 3d at 1022 (citing *Lancaster Cmty. Hosp. v. Antelope*
6  *Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)) to give each defendant "notice of the
7  particular misconduct which is alleged to constitute the fraud charged so that they can defend against
8  the charge and not just deny that they have done anything wrong." *Id.* (citing *Neubronner v. Milken*,
9  6 F.3d 666, 671 (9th Cir. 1993)).

10  Here, with regard to the transactions at issue, LexisNexis Risk is not mentioned with respect
11  to two of the Plaintiffs, and with respect to Plaintiff Bernard Patterson, LexisNexis Risk is
12  mentioned without identifying its specific involvement, or that it had any involvement at all. (FAC
13  ¶¶ 44, 51 (alleging that "Early Warning ***and/or*** [LexisNexis Risk]" provided verification services to
14  Wells Fargo) (emphasis added).) As noted, the FAC employs the phrase "Early Warning ***and/or***
15  [LexisNexis Risk]" when referring to LexisNexis Risk's alleged involvement in providing
16  verification services to Wells Fargo. (*See, e.g.*, *id.* ¶¶ 145-147, 150, 153, 209 (emphasis added).)
17  Plaintiffs cannot state a claim against LexisNexis Risk without differentiating its specific conduct at
18  issue from the alleged conduct of other defendants. *See, e.g.*, *Ji v. Naver Corp.*, No. 21-cv-05143-
19  HSG, 2022 U.S. Dist. LEXIS 179263, at *19 (N.D. Cal. Sept. 30, 2022) (dismissing claims based on
20  the "undifferentiated" conduct of defendants); *Yee v. Select Portfolio, Inc.*, No. 18-CV-02704-LHK,
21  2018 U.S. Dist. LEXIS 200794, at *22 (N.D. Cal. Nov. 26, 2018) (dismissing claims where
22  complaint failed to put each defendant "on notice of the basis of the Plaintiff's claims" by
23  identifying each defendant's conduct at issue) (citing *Sebastian Brown Prods.*, 143 F. Supp. 3d at
24  1037).

25  The FAC thus fails to satisfy basic pleading standards, much less the strict requirements of
26  Rule 9(b).

27
28

### B. Plaintiffs Fail to State a FCRA Claim Against LexisNexis Risk Because They Fail to Allege LexisNexis Risk Furnished Wells Fargo Bank With Consumer Reports About Them.

The FAC purports to assert two FCRA claims against LexisNexis Risk. The first is a claim under 15 U.S.C. § 1681b(c), regarding a consumer reporting agency's furnishing of a consumer report in a transaction not initiated by the consumer. 15 U.S.C. § 1681b(c)(1) ("A *consumer reporting agency* may furnish a *consumer report* relating to any consumer . . . in connection with any credit or insurance transaction that is not initiated by the consumer only if . . .") (emphasis added.) The second is a claim under 15 U.S.C. § 1681e(b), relating to the accuracy of "consumer reports." 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a *consumer report* it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.") (emphasis added).

Each of the FCRA claims in the FAC is predicated on a "consumer reporting agency" having prepared or furnished a "consumer report" about a plaintiff. Yet the FAC never alleges—even in impermissibly conclusory fashion—that LexisNexis Risk provided anyone with a "consumer report" about them. The FAC thus facially fails to state any FCRA claim as to LexisNexis Risk.

Even if the FAC had used the term "consumer report" to describe LexisNexis Risk's alleged[2] communications to Wells Fargo, that would be a legal conclusion, properly disregarded on a motion to dismiss under *Twombly*, 550 U.S. at 555 (pleading must offer more than "labels and conclusions" to survive motion to dismiss) and *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]"). The relevant inquiry is whether the facts alleged in the FAC could, if proven, plausibly support the conclusion that a communication LexisNexis Risk is alleged to have made to Wells Fargo is a "consumer report"[3] as that term is defined in the FCRA. *See Iqbal*, 556 U.S. at 677-81. As there are

---

[2] As noted above "LexisNexis" identity verification products are provided by nonparty LexisNexis Risk Solutions FL Inc., not by Defendant LexisNexis Risk.

[3] The definition of "consumer report" provides:

> The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness [creditworthiness], credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or

virtually no allegations about the purpose for which the supposed LexisNexis Risk communication was prepared or the purposes for which the preparer expected or intended the communication to be used, the FAC does not adequately allege the provision of a "consumer report" by LexisNexis Risk, and states no FCRA claim against LexisNexis Risk.

This is not a matter of a few missing allegations. The assumption underlying the complaint that identity verification products are "consumer reports" is wrong. This is confirmed by provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd Frank"). Dodd Frank specifically defines "consumer financial product or service" and includes within that definition "consumer report" information. 12 U.S.C. § 5481(15)(A)(ix). Dodd Frank explicitly empowers the Consumer Financial Protection Bureau to add to the definition of "consumer financial product or service" by regulation that, *inter alia*, is permissible for a bank or financial holding company to offer to provide. 12 U.S.C. § 5481(15)(A)(xi)(II). Elsewhere in the same statute, Dodd Frank precludes the use of 12 U.S.C. § 5481(15)(A)(xi)(II) (Bureau-expanded definition by regulation) to activities including "(I) Providing information products or services to a covered person for identity authentication; (II) Providing information products or services for fraud or identity theft detection, prevention or investigation." 12 U.S.C. § 5481(15)(B)(i)(I-II). If "consumer report" – itself already included as a "consumer financial product or service" – was thought to identity theft and fraud protection products, it would be nonsensical to prohibit the Bureau from expanding the definition a "consumer financial product or service" to include them.

In short, Plaintiff Patterson cannot contend that by alleging that LexisNexis Risk provided "identity verification services" he has adequately alleged that LexisNexis Risk provide Wells Fargo a "consumer report" about him.

---

in part for the purpose of serving as a factor in establishing the consumer's eligibility for

 (A) credit or insurance to be used primarily for personal, family, or household purposes;
 (B) employment purposes; or
 (C) any other purpose authorized under section 604.

15 U.S.C. § 1681a(d)(1) (emphasis added). The "consumer report" definition has multiple factual elements, virtually none of which are addressed by the allegations of the FAC.

### C. Plaintiffs Fail to State a Negligence Claim Against LexisNexis Risk

Plaintiff Patterson[4] states no negligence claim for one of two alternative reasons.

#### 1. If Plaintiff Patterson has adequately alleged that LexisNexis Risk's alleged communication to Wells Fargo was a "consumer report," his FCRA claim is preempted.

*If* Plaintiff Patterson had adequately alleged that LexisNexis Risk provided a "consumer report" to Wells Fargo in connection with the opening of the challenged account, that claim would be expressly preempted by the FCRA. 15 U.S.C. § 1681h(e) ("Except as provided in sections 616 and 617 [15 USCS §§ 1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer"")[5] *See* Wells Fargo Motion at IV.F.1.

#### 2. Alternatively, Plaintiff Patterson fails to adequately allege facts giving rise to any duty of care owed him by LexisNexis Risk.

But Plaintiff Patterson has not adequately alleged that LexisNexis Risk provided a "consumer report" about him to Wells Fargo, as shown above. FCRA preemption is inapplicable to LexisNexis Risk. Under the common law analytical framework, Plaintiff Patterson fails to adequately allege the requisite elements for negligence: that (1) defendant owed a duty to the plaintiff; (2) defendant breached that duty; and (3) the breach actually and proximately caused the plaintiff to suffer actual damages.

First, LexisNexis Risk owes no duty of care to Plaintiffs. A legal duty of care is "the essential prerequisite to a negligence cause of action," determined as a matter of law by the court. *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992). Here, no duty exists because there is no relationship between Plaintiffs and LexisNexis Risk whatsoever, and therefore, no attendant duty

---

[4] The other Plaintiffs fail to allege a negligence claim against LexisNexis Risk because they fail adequately to allege that LexisNexis Risk provided any information about them to Wells Fargo. Absent an alleged communication, there can be no breach of the imagined duty.

[5] Sections §§ 1681n and 1681o provide private rights of action for violation of provisions of the FCRA with respect to a consumer. A claim under §§ 1681n or 1681o for violation of § 1681e(b) (procedures for maximum possible accuracy of consumer reports) effectively replaces any common law claim for negligence.

may arise. As noted in the Wells Fargo Motion, a bank – even one which later opens an account for an individual – has no duty of care to a non-customer. The relationship of a bank's vendor (like Early Warning and LexisNexis Risk) to a prospective bank customer is even more attenuated than the bank's relationship.

Second, even if a duty of care existed, Plaintiffs cannot demonstrate a breach because they have not plausibly alleged any facts supporting a breach of any alleged duty. In fact, only Plaintiff Patterson even attempts to lodge allegations of LexisNexis Risk's purported breach. (FAC ¶¶ 44, 51). But those allegations are limited to asserting that Wells Fargo received information from "Early Warning and/or LexisNexis Risk." (*Id.*) Even if a duty existed (it does not) there can be no breach because Patterson alleged that the personally identifying information used to open his account was partially correct. (*Id.* ¶ 43.) There are no allegations that LexisNexis Risk failed to act with reasonable care in verifying the identity when presented with true personally identifying information. Rather, Plaintiffs are effectively seeking to impose strict liability on identity verification service providers for each instance in which they fail to detect synthetic identity fraud. Yet the very materials cited by Plaintiffs in the FAC show that "LexisNexis" warns prospective customers like Wells Fargo that "Due to the nature and origin of public record information, the public records and commercially available data sources used in reports may contain errors." https://risk.lexisnexis.com/products/instantid (last visited Dec. 7, 2023), cited in FAC ¶ 26 n.5. The vendor of InstantID openly disclaims product perfection to its customers *with whom they have a contractual relationship.* The provider of identity verification products cannot logically be held to a higher standard by persons with whom it had no relationship than would be applied for customers under the contract under which the product is provided. Plaintiffs' conclusory allegations that "Early Warning and/or LexisNexis Risk breached its duty to Plaintiffs … to not falsely verify" Plaintiffs' identifies and by failing to inform Wells Fargo the personal identification information Wells Fargo associated with the Plaintiffs' accounts was false (*id.* FAC ¶¶ 293-294) do not save this futile claim.

Third, Plaintiffs' negligence claim fails for the additional, independent reason that Plaintiffs fail to allege any cognizable damages, let alone damages actually and proximately caused by the

alleged breach. *See* Wells Fargo Motion at IV.F.4.

## V. CONCLUSION

For the foregoing reasons, LexisNexis Risk requests that the Court dismiss Plaintiffs' claims against it in their entirety.

DATED: December 11, 2023

                      **ALSTON & BIRD LLP**

                      */s/ James F. McCabe*
                      James F. McCabe

                      Attorney for Defendant
                      LexisNexis Risk Solutions Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

DATED: December 11, 2023                                  **ALSTON & BIRD LLP**

                                                          By:    */s/ James F. McCabe*
                                                                 James F. McCabe