1  Kalama M. Lui-Kwan (State Bar No. 242121)
   Email: kalama.lui-kwan@troutman.com
2  Ryan A. Lewis (State Bar No. 307253)
   ryan.lewis@troutman.com
3  **TROUTMAN PEPPER**
   **HAMILTON SANDERS LLP**
4  Three Embarcadero Center, Suite 800
   San Francisco, California 94111
5  Telephone: (415) 477-5700
   Facsimile:  (415) 477-5710
6
   Joseph M. DeFazio (*pro hac vice*)
7  **TROUTMAN PEPPER**
   **HAMILTON SANDERS LLP**
8  875 Third Avenue
   New York, New York 10022
9  Telephone: (212) 704-6341
   Email: joseph.defazio@troutman.com
10
   *Attorneys for Defendant Early Warning Services, LLC*
11

12

13                  **IN THE UNITED STATES DISTRICT COURT**
14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
15

16  BERNARD J. PATTERSON; JOSHUA P.        Case No.:   3:23-cv-3858-TLT
    ADAMS; LINDA G. JORDAN, individually
17  and on behalf of all others similarly situated,   **DEFENDANT EARLY WARNING**
                                          **SERVICES, LLC'S NOTICE OF**
18                                        **MOTION AND MOTION TO DISMISS**
                Plaintiffs,               **PLAINTIFFS' SECOND AMENDED**
19                                        **COMPLAINT**
    v.
20
    WELLS FARGO & CO.; WELLS FARGO        Hearing Date: October 1, 2024
21  BANK, N.A.; EARLY WARNING             Time: 2:00 p.m.
    SERVICES, LLC; LEXISNEXIS RISK        Courtroom: 9
22  SOLUTIONS, INC.
                                          Complaint Filed: August 1, 2023
23              Defendants.               Amended Complaint Filed: November 6,
                                          2023
24                                        Second Amended Complaint filed: July 10,
                                          2024
25

26

27

28

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

1

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Tuesday, October 1, 2024, at 2:00 p.m. in Courtroom 9 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Early Warning Services, LLC ("EWS"), will and hereby does move the Court for an order dismissing Plaintiffs' Bernard Patterson ("Patterson"), Joshua P. Adams ("Adams"), and Linda G. Jordan ("Jordan") (collectively, "Plaintiffs") Second Amended Class Action Complaint For Damages and Injunctive Relief (the "Complaint") with prejudice.

## STATEMENT OF RELIEF SOUGHT

EWS seeks an order dismissing Plaintiffs' Complaint with prejudice pursuant to Federal Rules for Civil Procedure 12(b)(6).

## ISSUE TO BE DECIDED

1.      Whether the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when Plaintiffs' allegations do not state a claim for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(a), 1681e(b), or the California Consumer Credit Reporting Agency Act ("CCRAA"), Cal. Civ. Code §§1785.11(c).

Dated: August 12, 2024

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

*/s/ Joseph M. DeFazio* _____

Kalama M. Lui-Kwan
Joseph M. DeFazio (*pro hac vice*)

*Attorneys for Defendant Early Warning Services,
LLC*

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3
I.   INTRODUCTION ...................................................................................................... 1

4
II.   RELEVANT FACTUAL ALLEGATIONS ................................................................ 3

5
   **A.**   Plaintiff Patterson........................................................................................... 3

6
   **B.**   Plaintiff Adams ............................................................................................... 4

7
   **C.**   Plaintiff Jordan ............................................................................................... 5

8
III.   STANDARD OF REVIEW ........................................................................................ 5

9
IV.   ARGUMENT .............................................................................................................. 6

10
   **A.**   Plaintiffs' FCRA Violations Fail to State a Claim Under Rule
     12(b)(6). .......................................................................................................... 6

11
     **1.**   Plaintiffs' Claim Under § 1681b Fails ................................................ 6

12

13
     **2.**   Plaintiffs' Claims Under § 1681e(b) Likewise Fail. ......................... 11

14
   **B.**   Plaintiffs Have Not Alleged A "Willful" Violation of the FCRA. ..................... 13

15
   **C.**   Plaintiff Jordan's CCRAA Claim Fails.............................................................. 15

16
   **D.**   The FCRA and CCRAA Do Not Allow For Declaratory or
     Injunctive Relief............................................................................................. 17

17

18
   **E.**   Further Leave To Amend Should Be Denied....................................................... 18

19
V.   CONCLUSION .......................................................................................................... 19
20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

i          Case No. 3:23-cv-3858-TLT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbink v. Experian Info. Solutions*,
  No. 19-1257, 2019 WL 6838705 (C.D. Ca. Sept. 20, 2019)......................................................7

*Ali v. Vikar Mgmt. Ltd.*,
  994 F. Supp. 492 (S.D.N.Y. 1998)........................................................................................12

*Anderson v. Trans Union, LLC*,
  345 F. Supp. 2d 963 (W.D. Wis. 2004) ................................................................................10

*Andrews v. Trans Union Corp. Inc.*,
  7 F. Supp. 2d 1056 (C.D. Cal. 1998), *aff'd in part, rev'd in part sub nom.* ..............................8

*Andrews v. TRW, Inc.*,
  225 F.3d 1063 (9th Cir. 2000), *as amended* (Oct. 4, 2000), r*ev'd and remanded* ...................8

*Andrews v. TRW Inc.*,
  289 F.3d 600 (9th Cir. 2001).................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................5

*Bickley v. DISH Network, LLC*,
  751 F.3d 724 (6th Cir. 2014)..........................................................................................8, 12

*Carlson v. Sychrony Bank*,
  No. 3:21-cv-00077, 2022 WL 1302841 (W.D. Wis. May 2, 2022) ........................................8

*Chinatown Neighborhood Ass'n v. Harris*,
  794 F.3d 1136 (9th Cir. 2015).............................................................................................18

*Cisneros v. Trans Union, LLC*,
  293 F. Supp. 2d 1167 (D. Haw. 2003) .................................................................................14

*Crain v. Credit Prot. Ass'n*,
  No. 3:09-CV-2353-D, 2010 U.S. Dist. LEXIS 30334 (N.D. Tex. Mar. 2, 2010)....................6

*Daniel v. Bluestem Brands, Inc.*,
  No. 13–11714, 2014 WL 81763 (E.D. Mich. Jan. 9, 2014)....................................................8

*Domante v. Dish Networks, LLC*,
  974 F.3d 1342 (11th Cir. 2020).............................................................................................8

*Dotzler v. Perot*,
  914 F. Supp. 328 (E.D. Mo. 1996).......................................................................................12

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

*Ewing v. Wells Fargo Bank*,
    No. 3:11-cv-08194, 2012 WL 1844807 (D. Ariz. May 21, 2012) ........................................ 8

*Fair v. Experian Info. Sols., Inc.*,
    No. C 16-05712 CW, 2017 WL 3085425 (N.D. Cal. July 20, 2017)..................................... 18

*Galea v. Wells Fargo Bank, N.A.*,
    388 F. Supp. 3d 1212 (E.D. Cal. 2019).............................................................................. 14

*Glanton v. DirecTV, LLC*,
    172 F. Supp. 3d 890 (D.S.C. 2016) ................................................................................. 8, 15

*Grigoryan v. Experian Info. Solutions, Inc.*,
    84 F. Supp. 3d 1044 (C.D. Cal. 2014)................................................................................ 15

*Harrington v. Choicepoint Inc.*,
    No. 2:05-CV-01294-MRP-JWJ, 2006 WL 8198396 (C.D. Cal. Oct. 11, 2006).................... 12

*Heim v. Comcast Cable Comm'n LLC*,
    No. 1:18-cv-07962, 2020 WL 9211285 (N.D. Ill. Jun. 1, 2020).......................................... 8

*Hogan v. PMI Mortg. Ins. Co.*,
    No. 05-cv-03851, 2006 WL 1310461 (N.D. Cal. May 12, 2006).......................................... 18

*Howard v. Blue Ridge Bank*,
    371 F.Supp.2d 1139 (N.D. Cal. 2005) ........................................................................... 17, 18

*Huertas v. U.S. Dep't of Educ.*,
    No. 08-cv-3959-RBK, 2009 WL 3165442 (D.N.J. Sept. 28, 2009)...................................... 14

*Jones v. Best Service Company*,
    No. CV 14-9872 SS, 2017 WL 490902 (C.D. Cal. Feb. 6, 2017) ........................................ 15

*Karle v. Southwest Credit Systems*,
    No. 14–30058–MGM, 2015 WL 5025449 (D. Mass. June 22, 2015) ................................... 12

*Kennedy v. Victoria's Secret Stores, Inc.*,
    No. Civ.A. 03–2691, 2004 WL 2186613 (E.D. La. 2004)................................................... 16

*Leadsinger, Inc. v. BMG Music Pub.*,
    512 F.3d 522 (9th Cir. 2008).............................................................................................. 19

*Lugo v. Experian Info. Sols., Inc.*,
    No. 16-04647-EJD, 2017 WL 2214641 (N.D. Cal. Aug. 22, 2017) ..................................... 14

*U.S. ex rel. Marion v. Heald College, LLC*,
    No. 5:12-CV-02067-PSG, 2015 WL 5728442 (N.D. Cal. Sept. 30, 2015)........................... 18

*Novak v. Experian Info. Solutions, Inc.*,
    782 F. Supp. 2d 617 (N.D. Ill. 2011) ................................................................................... 6

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

*Parker v. Equifax Info. Servs., L.L.C.*,
   No. 2:15-cv-14365, 2017 WL 4003437 (E.D. Mich. Sept. 12, 2017)....................................12

*Pedro v. Equifax, Inc.*,
   186 F. Supp. 3d 1364 (N.D. Ga. 2016), *aff'd*, 868 F.3d 1275 (11th Cir. 2017) .....................14

*Purcell v. Spokeo, Inc.*,
   No. 2:11–cv–06003–ODW, 2014 WL 4187157 (C.D. Cal. Aug. 25, 2014)...........................17

*Radney v. CoreLogic Credco, LLC, et al.*,
   No. 15-cv-9380, 2016 WL 3551677 (N.D. Ill. June 30, 2016) ................................................7

*Rand v. Citibank, N.A.*,
   No. 14-cv-04772, 2015 WL 510967 (N.D. Cal. Feb. 6, 2015) .................................................9

*Randall v. Dish Network LLC*,
   No. 2:17-cv-05428, 2018 WL 3235543 (E.D.N.Y. Jul. 2, 2018)..............................................8

*Remsburg v. Docusearch, Inc.*,
   No. 00-211-B, 2002 WL 534439 (D.N.H. Apr. 4, 2002).......................................................12

*Retail Prop. Tr. v. United Brotherhood of Carpenters & Joiners of Am.*,
   768 F.3d 938 (9th Cir. 2014)...................................................................................................5

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007)................................................................................................................13

*Selby v. Bank of America, Inc.*,
   No. 09CV2079 BTM JMA, 2011 WL 902182 (S.D. Cal. March 14, 2011)..........................13

*Shaw v. Experian Information Solutions, LLC*,
   891 F.3d 749 (9th Cir. 2018).................................................................................................11

*Shostack v. Diller*,
   No. 15-cv-2255, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) ................................................15

*Skiles v. Tesla, Inc.*,
   440 F. Supp. 3d 1012 (N.D. Cal. 2020) .................................................................................10

*Spector v. Experian Information Svcs. Inc., et al.*,
   321 F.Supp.2d 348 (D. Conn. 2004) ......................................................................................13

*Stossel v. Meta Platforms, Inc.*,
   634 F. Supp. 3d 743 (N.D. Cal. 2022), *appeal dismissed*, No. 22-16765, 2023
   WL 3434064 (9th Cir. Mar. 1, 2023) .....................................................................................18

*Tailford v. Experian Info. Sols., Inc.*,
   No. 19-02191-CJCK-ESX, 2020 WL 6867157 (C.D. Cal. Nov. 18, 2020),
   *aff'd*, 26 F.4th 1092 (9th Cir. 2022) .........................................................................................7

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

*In re Tracht Gut, LLC*,
   836 F.3d 1146 (9th Cir. 2016) ........................................................................... 5

*Trikas v. Universal Card Serv. Corp.*,
   351 F. Supp. 2d 37 (E.D.N.Y. 2005) ....................................................... 13, 16

*Washington v. CSC Credit Servs. Inc.*,
   199 F.3d 263 (5th Cir. 2000) ........................................................................... 17

*White v. Imperial Adjustment Corp.*,
   No. 99-3804, 2002 WL 1809084 (E.D. La. Aug. 6, 2002), *aff'd in part and rev.*
   *in part on other grounds*, 75 Fed. Appx. 972 (5th Cir. 2003) ............................ 6

*White v. Navy Fed. Credit Union*,
   No. 18-00402-WQH-BGS, 2018 WL 3729510 (S.D. Cal. Aug. 3, 2018) ............ 17

*Williams-Steele v. TransUnion*,
   No. 12 Civ. 0310(GBD)(JCF), 2015 WL 576714 (S.D.N.Y. Feb. 10, 2015),
   *aff'd*, 642 Fed. Appx. 72 (2d Cir. 2016) ........................................................ 12

*Yeagley v. Wells Fargo & Co.*,
   No. 05-03403-CRB, 2006 WL 193257 (N.D. Cal. Jan. 23, 2006) ...................... 17

**Statutes**

15 U.S.C. 1681e(a) ............................................................................................ 2

15 U.S.C. § 1681, *et seq.* ................................................................................. 1

15 U.S.C. § 1681b ........................................................................... 6, 7, 15, 16

15 U.S.C. § 1681b(a) ................................................................................. *passim*

15 U.S.C. § 1681b(a)(3)(F) ........................................................................ 6, 15

15 U.S.C. § 1681b(a)(3)(F)(i) ............................................................................ 6

15 U.S.C. § 1681b(f) .................................................................................. 6, 7, 8

15 U.S.C. § 1681e(a) ..................................................................................... 6, 7

15 U.S.C. § 1681e(b) ................................................................................. *passim*

15 U.S.C. § 1681n .................................................................................... 13, 17

15 U.S.C. § 1681o .................................................................................... 13, 17

Cal. Civ. Code § 1785.11(a)(3)(F) .................................................................. 15

FCRA ........................................................................................................ *passim*

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 6, 10

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

Defendant, Early Warning Services, LLC ("EWS"), and pursuant to Fed. R. Civ.

3

P. 12(b)(6), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs'

4

Second Amended Complaint ("SAC") for failure to state a claim upon which relief may be granted:

5

## I.    INTRODUCTION

6

This is a case in search of a legal theory. After having most of their First Amended

7

Complaint dismissed, Plaintiffs have once again amended their Complaint and now assert claims

8

under §§ 1681b(a) and 1681e(b) of the FCRA, 15 U.S.C. § 1681, *et seq.*, and its California state

9

law equivalent, the CCRAA. Plaintiffs have changed theories and now stake their case on the

10

issues of whether Wells Fargo had a "permissible purpose" under the FCRA § 1681b(a) to request

11

Plaintiffs' consumer reports from EWS and whether EWS provided an "inaccurate" report in

12

violation of FCRA § 1681e(b). However, the alleged facts do not support any plausible claim

13

against EWS under any of Plaintiffs' proposed legal theories.

14

The factual allegations (or lack thereof) in the SAC are incompatible with Plaintiffs'

15

attempted causes of action. For example, two named Plaintiffs (Jordan and Adams) do not fit

16

Plaintiffs' proposed class definition, SAC, ¶¶ 160-162, because they do not even allege that

17

personally identifiable information ("PII") that did not belong to them was used when opening the

18

disputed Wells Fargo accounts. Further, they do not allege any inaccuracies related to consumer

19

reports. Regardless, the allegation EWS can most clearly glean from the SAC is that Plaintiffs

20

contend EWS should have known Wells Fargo could not have had a legitimate business need for

21

the consumer reports purportedly because: (1) Wells Fargo submitted information to EWS that

22

Wells Fargo allegedly knew was inaccurate; and (2) the accounts were just opened, which means

23

there was no need for Wells Fargo to "determine whether the consumer continues to meet the terms

24

of the account." Plaintiffs' efforts to salvage their lawsuit rests upon a misplaced legal theory

25

supported by allegations that fail to state a claim.

26

***First***, Plaintiffs' "permissible purpose" claim under § 1681b(a) fails because such a claim

27

is not even cognizable against EWS. Further, even assuming the truth of Plaintiffs' factual

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

allegations, EWS had reason to believe Wells Fargo had a legitimate business need for the information to assess whether to open a bank account on Plaintiff's behalf, which as a matter of law constitutes a "permissible purpose" under the FCRA. Moreover, after Wells Fargo opened the accounts at issue, EWS had reason to believe that Wells Fargo was requesting information "to review [the] account[s] to determine whether the consumer *continues* to meet the terms of the account," which, again, is a legally permissible purpose under the FCRA. (SAC, ¶ 202.)

*Second*, Plaintiffs attempt to allege a claim under § 1681e(b) of the FCRA, which governs the accuracy of the information in consumer reports. However, Plaintiffs' claims (to the extent they have even alleged more than an unsupported conclusory statement) fail because they relate to the provision of PII information to Wells Fargo and others. It is well-established that PII data, or "credit header" data, is not governed by the FCRA and thus cannot support a claim under FCRA§ 1681e(b). Thus, such allegation cannot form the basis for a § 1681e(b) claim.

*Third*, Plaintiffs fail to allege EWS's purported actions caused them damages, an essential element of any § 1681e(b) claim.

*Fourth*, Plaintiffs' claimed FCRA violations are deficient as a matter of law. But, at the very least, they certainly cannot support a claim that EWS "willfully" violated either § 1681b(a) or § 1681e(b).

*Fifth*, Plaintiff Jordan's CCRAA claim mirrors the FCRA claims by arguing EWS did not have a reasonable belief that Wells Fargo had permissible purpose to obtain her consumer report. That CCRAA claim fails for the same reasons identified above; namely, that such a claim is not viable against EWS, as well as the fact that EWS had a reasonable belief Wells Fargo was seeking information in connection with the opening of a personal bank account. Even more, there are no allegations that the PII submitted with Plaintiff Jordan's account opening was "inaccurate," further discrediting her claim that EWS acted without a legally permissible purpose. Finally, in arguing that EWS violated § 1785.11(c) by furnishing a record of her "credit inquiries" to Geico and Capital One, Plaintiff Jordan relies on the very same factual allegations this Court has already held are insufficient to state such a claim.

*Sixth*, Plaintiffs' claims for "declaratory" and "injunctive" relief under the FCRA and CCRAA must be dismissed, as neither statute authorizes such relief.

For the reasons set forth herein, the Court should dismiss Plaintiffs' Complaint against EWS with prejudice.

## II.    RELEVANT FACTUAL ALLEGATIONS

Plaintiffs attempt to allege Wells Fargo submitted a mix of accurate and inaccurate PII to LexisNexis and that Wells Fargo, "with assistance from" EWS, fraudulently obtained "valuable true and correct personal identification and personal financial information" through EWS's credit reports. (SAC, ¶ 1.) The crux of Plaintiffs' SAC seems to be that: (1) EWS did not have a reasonable belief Wells Fargo had a permissible purpose in requesting Plaintiffs' consumer reports, thus violating 1681b(a) and the state equivalent under the CCRAA; and (2) EWS violated § 1681e(b) for failure to take reasonable measures to assure the accuracy of the information on its credit reports. (*See* SAC, ¶¶ 200-202, 215, 227-228.)

### A.    Plaintiff Patterson

Patterson alleges Wells Fargo used LNRS's identity verification services and then utilized EWS's services to "gain '[i]nsight into [Patterson's] deposit account history' and decided to open a consumer checking account in Patterson's name without Patterson's knowledge or consent." (SAC, ¶ 42.) In other words, Patterson claims Wells Fargo provided a mix of accurate and inaccurate PII on him for fraudulent purposes, and EWS should have known of that fraud based on EWS's access to other deposit banking data on Patterson. (*See id.*)

Patterson claims he first learned about the Wells Fargo account in June 2022 when he received a monthly checking account statement from Wells Fargo. (*Id.* at ¶ 55.) He alleges the checking statement reflected a balance of $12.00. (*Id.* at ¶ 57.) Patterson learned the Wells Fargo account was opened in March 2022 and then disputed the account. (*Id.* at ¶¶ 58, 82.) Wells Fargo agreed to close the account. (*Id.* at ¶ 77.)

Patterson then requested a copy of his file disclosure from EWS on August 2, 2022. (*Id.* at ¶ 70.) Although he had previously disputed the Wells Fargo account directly with Wells Fargo, it

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

still appeared on the file disclosure EWS provided. (*Id.* at ¶ 81.) He claims the file disclosure revealed that months before sending Patterson the statement, Wells Fargo processed four ACH transactions using the account, and Wells Fargo had used the account to move $4,992.00 via ACH to an account associated with People's Bank. (*Id.* at ¶¶ 73-74.) That file disclosure prompted Patterson to initiate a dispute with EWS on or around August 3, 2022. (*Id.* at ¶ 86.) After receiving the dispute, EWS conducted a reinvestigation, removed the Wells Fargo account, and then sent Patterson an updated file disclosure. (*Id.* at ¶¶ 84-87.[1]) Patterson also claims that when he received an updated file disclosure after his dispute, he learned that several inquiries on his file disclosure suggested EWS sent consumer reports to third parties. (*Id.* at ¶¶ 86-87.) He alleges in a conclusory manner and with no facts that the existence of those inquiries means EWS provided inaccurate consumer reports to third parties. (*See id.*) Plaintiff does not, and cannot, even allege what information was supposedly included in the reports allegedly made to third parties.

## B.   Plaintiff Adams

Adams alleges that in July 2023, he received a "Wells Fargo Everyday Checking" statement for a checking account he had never opened. (SAC, ¶¶ 88-92.) He claims the beginning balance for the allegedly unauthorized account was $195.40 in June 2023, and the ending balance was $185.40. (*Id.* at ¶ 89.) Concerned he was the victim of identity theft, Adams called Wells Fargo and ultimately obtained a file disclosure from EWS. (*Id.* at ¶ 92.) Adams alleges the account was *reported* with a "mix of both accurate and inaccurate PII for Adams." (*Id.*) Significantly, Adams does not claim EWS provided an inaccurate consumer report on him to any third party.

There is no allegation that the PII provided by Wells Fargo to EWS on Plaintiff Adams was inaccurate or false. Plaintiff makes a general allegation in Count II (SAC, ¶¶ 196, 200-2021), but there are no specific allegations regarding any false or inaccurate PII provided by Wells Fargo to EWS regarding Plaintiff Adams.

---

[1] Plaintiff makes no allegation with respect to the handling of that dispute.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

C.   **Plaintiff Jordan**

Linda Jordan alleges that in November 2023, she received a "Wells Fargo Everyday Checking" statement indicating a $0.00 balance. (SAC, ¶ 104.) She then called Wells Fargo and disputed the account. (Id. at ¶ 106.)

Jordan alleges that in August 2023, she requested a file disclosure from EWS that did *not* list the Wells Fargo account but instead listed "inquiries" from Wells Fargo and Wells Fargo Bank dated October 16, 2021, and October 19, 2021. (*Id.* at ¶ 117.) She alleges the EWS file disclosure listed other inquiries from Capital One and GEICO that post-dated the Wells Fargo inquiries. (*Id.* at ¶ 121.) Jordan does not claim EWS provided an inaccurate consumer report on her to any third party but claims that EWS "furnished its record of inquiries for Jordan, including the impermissible inquiries from Wells Fargo to Capital One and GEICO." (*Id.* at ¶ 230.)

There is no allegation that the PII provided by Wells Fargo to EWS on Plaintiff Jordan was inaccurate or false. Plaintiff makes a general allegation in Count II (SAC, ¶¶ 196, 200-202), but there are no specific allegations regarding any false or inaccurate PII provided by Wells Fargo to EWS regarding Plaintiff Jordan.

### III.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss for failure to state a claim, the plaintiff's factual allegations must state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombl*y, 550 U.S. 544, 570 (2007). When ruling on a motion to dismiss, a Court must accept all well-pled factual allegations as true and construe the reasonable inferences from those facts in the light most favorable to the plaintiff. *Retail Prop. Tr. v. United Brotherhood of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)), and neither conclusory allegations nor legal claims asserted as factual allegations are sufficient to save a complaint from dismissal. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

## IV.   ARGUMENT

**A.     Plaintiffs' FCRA Violations Fail to State a Claim Under Rule 12(b)(6).**

### 1.     Plaintiffs' Claim Under § 1681b Fails

Under the FCRA, a consumer reporting agency ("CRA") may provide a report "to a person which *it has reason to believe* . . . otherwise has a legitimate business need for the information (i) in connection with a business transaction initiated by the consumer, or (ii) to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F). The FCRA, in turn, requires CRAs like EWS to have reasonable procedures to limit the furnishing of reports to those it reasonably believes have a permissible purpose. *See* FCRA § 1681e(a). With that statutory framework in mind, Plaintiffs' claim under § 1681b fails for several reasons.

**First**, § 1681b sets forth the requirement that "*users*" of consumer reports must have a "permissible purpose" for obtaining consumer reports from CRAs.[2] *Crain v. Credit Prot. Ass'n*, No. 3:09-CV-2353-D, 2010 U.S. Dist. LEXIS 30334, at *5 (N.D. Tex. Mar. 2, 2010) (noting that § 1681b(a) applies to CRAs and then holding that "[section 1681b(f)] expressly makes the permissible purposes set out in § 1681b(a) applicable to *users* of credit reports and provides a means to impose liability for using or obtaining a consumer report in violation of the FCRA."). Section 1681b does not address, and is not applicable to, *CRAs*, like EWS. *See, e.g.*, *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617, 621 (N.D. Ill. 2011) ("The FCRA makes it punishable for *nonconsumer reporting agencies* to use or obtain a consumer report for impermissible purposes. 15 U.S.C. § 1681b(f).") (emphasis added); *accord White v. Imperial Adjustment Corp.*, No. 99-3804, 2002 WL 1809084, at *7 (E.D. La. Aug. 6, 2002), *aff'd in part and rev. in part on other grounds*, 75 Fed. Appx. 972 (5th Cir. 2003). Instead, it is § 1681e(a) of the FCRA – not § 1681b – that regulates CRAs and which requires CRAs to maintain reasonable

---

[2] One such purpose is "a business transaction that is initiated by the consumer," which would include the consumer credit transaction here that Plaintiffs allege they did not authorize.  *See* 15 U.S.C. § 1681b(a)(3)(F)(i).  That issue is addressed further below.

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

1   procedures to "limit the furnishing of consumer reports to the purposes listed under section 1681b."

2   15 U.S.C. § 1681e(a).

3        Thus, the requirements of users are _substantive_; reports can only be obtained for certain

4   purposes. *See* 15 U.S.C. § 1681b. The requirements of CRAs are _procedural_; procedures must be

5   maintained to reasonably ensure that the user has a permissible purpose, which is a standard that

6   can be met regardless of whether a user ultimately had a permissible purpose to obtain a consumer

7   report. 15 U.S.C. § 1681e(a); *see also Abbink v. Experian Info. Solutions*, No. 19-1257, 2019 WL

8   6838705, at *4 (C.D. Ca. Sept. 20, 2019) (holding there is no "strict liability" for an alleged

9   violation of § 1681e(a)). Those statutory requirements are distinct and must be given separate

10  effect. And, because Plaintiffs assert against EWS a claim that does not apply to CRAs, Plaintiffs'

11  § 1681b claim against EWS must be dismissed. *See, e.g.*, *Radney v. CoreLogic Credco, LLC, et*

12  *al.*, No. 15-cv-9380, 2016 WL 3551677, at *4 (N.D. Ill. June 30, 2016) (granting motion to

13  dismiss: "Plaintiff's allegations support Credco's argument that it is a CRA and that section

14  1681b(f) is inapplicable here.").

15       **Second**, Plaintiffs fail to allege facts to support any allegation that EWS did not have

16  reasonable procedures to limit the furnishing of reports for permissible purposes.

17       Wells Fargo, of course, establishes consumer banking accounts and, therefore, would have

18  a permissible purpose in obtaining a consumer report from EWS in connection with that process.

19  And, EWS was entitled to reasonably rely on Wells Fargo's representation that it was acting

20  consistent with its core, consumer banking model in seeking information from EWS. *Tailford v.*

21  *Experian Info. Sols., Inc.,* No. 19-02191-CJCK-ESX, 2020 WL 6867157, at *6 (C.D. Cal. Nov. 18,

22  2020), *aff'd,* 26 F.4th 1092 (9th Cir. 2022) ("Agencies have a permissible purpose to give a

23  consumer report to those they have reason to believe intend to use the information for purposes

24  relating to, among others, credit, insurance, real estate, and employment involving the

25  consumer.").

26       The fact that consumer reports were requested in transactions initiated by third-party

27  identity thieves does not change the fact that EWS had a reasonable basis to believe Wells Fargo

28

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

had a permissible purpose for requesting the report. *See, e.g., Daniel v. Bluestem Brands, Inc.*, No. 13–11714, 2014 WL 81763, at *5 (E.D. Mich. Jan. 9, 2014); *Domante v. Dish Networks, LLC*, 974 F.3d 1342, 1346-47 (11th Cir. 2020); *Bickley v. DISH Network, LLC*, 751 F.3d 724, 731 (6th Cir. 2014) (holding inquiry was permissible based upon a telephone request for DISH Network service by an imposter of plaintiff, even though the plaintiff was the victim of identity theft); *Andrews v. Trans Union Corp. Inc.*, 7 F. Supp. 2d 1056, 1068 (C.D. Cal. 1998), *aff'd in part, rev'd in part sub nom. Andrews v. TRW, Inc.*, 225 F.3d 1063 (9th Cir. 2000), *as amended* (Oct. 4, 2000), *rev'd and remanded*, 534 U.S. 19 (2001), and *aff'd sub nom. Andrews v. TRW Inc.*, 289 F.3d 600 (9th Cir. 2001) ("a planned creditor of an imposter has a 'legitimate business need' for the credit report of the person the imposter is impersonating"); *Carlson v. Sychrony Bank*, No. 3:21-cv-00077, 2022 WL 1302841, at *2-3 (W.D. Wis. May 2, 2022); *Heim v. Comcast Cable Comm'n LLC*, No. 1:18-cv-07962, 2020 WL 9211285, at *2-4 (N.D. Ill. Jun. 1, 2020); *Randall v. Dish Network LLC*, No. 2:17-cv-05428, 2018 WL 3235543, at *3 (E.D.N.Y. Jul. 2, 2018); *Ewing v. Wells Fargo Bank*, No. 3:11-cv-08194, 2012 WL 1844807, at *4 (D. Ariz. May 21, 2012) (finding the plaintiff's conclusory allegation that the defendant had no permissible purpose for obtaining her credit did not state a claim under § 1681b(f), in part, because the plaintiff's police report for identity theft indicated that someone used her identity to apply for a loan or credit transaction with the defendant); *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016).[3]

In *Bickley*, for example, there was no dispute that the defendant accessed the plaintiff's credit report because an identity thief posed as the plaintiff attempted to open an account with the defendant. 751 F.3d at 724. After receiving the identify thief's application, the defendant pulled the plaintiff's credit report to verify his or her identity. *Id.* at 726. The Sixth Circuit affirmed dismissal in favor of the defendant, finding it had a legitimate business need for the plaintiff's credit information to confirm the applicant's identity. *Id.* at 732. Moreover, the Court noted that

---

[3] By its plain language, § 1681b(a) does not require a user of credit reports like Wells Fargo to have a consumer's "permission" to access his credit report. It is also insufficient for a plaintiff to allege that he "never sought to acquire services from" the defendant. (*See* SAC, ¶¶ 39, 90, 105.)

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

before receiving any indication the application was fraudulent, the defendant "believed in good faith that Bickley was 'the consumer' ... [and] that [the defendant's] alleged conduct conferred a benefit to Bickley." *Id.* at 732–33 (emphasis in original). The Court pointed out "[t]he requirement that a consumer 'initiate' a business transaction is designed to protect a consumer's privacy and credit-related data by preventing companies from running credit checks that are unrequested by the consumer" and explained that conducting a credit check to verify a consumer's identity is consonant with that purpose and does not violate the FCRA. *Id.* The same result is required here, as EWS plausibly had reason to believe Wells Fargo had a permissible purpose of requesting reports when Wells Fargo provided Plaintiffs' PII to EWS.

Based on prior briefing, it is likely Plaintiffs will attempt to rely on *Rand v. Citibank, N.A.,* No. 14-cv-04772, 2015 WL 510967 (N.D. Cal. Feb. 6, 2015) to try and support their new general "permissible purpose" claim. However, *Rand* is distinguishable on multiple grounds. First, in *Rand,* the plaintiff was a longtime Citibank customer. *Id.* at *7. Second, the individual attempting to open the account used Rand's name and an incorrect Social Security number. *Id.* Thus, when the identity thief used the plaintiff's name and an *incorrect* Social Security number, Citibank plausibly should have known it was not the plaintiff initiating a credit transaction and should not have requested a report. *Id.* at *8. Here, unlike *Rand,* the identity thieves submitted a full name, address, and SSN that _matched Plaintiffs' information_. (SAC, ¶ 40 (allegations regarding Patterson).[4]) Further, none of Plaintiffs were existing Wells Fargo customers such that Wells Fargo (or EWS, for that matter) would have known the account openings were not the results of transactions initiated by Plaintiffs. (*See* SAC, ¶¶ 46, 90, 105.)

Plaintiffs also allege, in a conclusory fashion, that EWS "should have known" Wells Fargo did not have a permissible purpose because the PII provided by Wells Fargo did not "match" the PII EWS had on file for Plaintiffs. (SAC, ¶ 196.) But, as Plaintiffs admit, they did not already have a Wells Fargo account to compare any PII against. (*See* SAC, ¶¶ 46, 90, 105.) To try and get around

---

[4] Notably, Plaintiffs Jordan's and Adams' allegations are silent about the PII associated with the opening of her account.

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

that fact, Plaintiffs allege that "Early Warning also knew that the PII associated with Wells Fargo's unauthorized bank accounts did not match the PII that Early Warning's *other* member institutions had furnished to Early Warning regarding the victim's legitimate bank accounts." (SAC, ¶ 27.) (emphasis added). Plaintiffs' claim is premised upon a duty that is not recognized under the FCRA. The FCRA does not require consumer reporting agencies like EWS to extensively compare all the information in their files to any PII submitted as part of a financial institution's inquiry to identify potential discrepancies. *See, e.g., Anderson v. Trans Union, LLC*, 345 F. Supp. 2d 963, 972 (W.D. Wis. 2004) (dismissing § 1681e(b) claim, including due to the negative "practical consequence" to the credit markets of imposing an unworkable "requirement that agencies initiate inquiries on their own whenever their computers discern an apparent discrepancy"). Further, Plaintiffs' allegation assumes EWS had PII for Plaintiffs in its files that was different then the PII submitted by Wells Fargo. Finally, Plaintiffs' allegation wrongly assumes that EWS would have known that the PII in its files was correct PII for Plaintiff and conversely that the PII submitted by Wells Fargo was incorrect. None of those assumptions can survive Rule 12(b)(6). *See, e.g., Johnson v. Experian Info. Sols., Inc.*, No 2:18-cv-114-JAM-EFB PS, 2019 WL 951425 at *2 (E.D. Cal. Feb. 27, 2019) (dismissing plaintiff's complaint for resting on conclusory allegations which are insufficient to state a claim for relief.").

Indeed, Plaintiffs can cite no case under § 1681b(a) that would require such elaborate confirmation, as opposed to being able to have a reasonable belief that an established national bank like Wells Fargo is requesting information from EWS pursuant to the type of permissible credit purpose that Wells Fargo would have in almost every instance. Plaintiffs never allege in what regards the submitted PII did not "match" or why it was unreasonable for EWS to reasonably rely on Wells Fargo's request. Indeed, the law is to the contrary. *Anderson v. Trans Union, LLC*, 345 F. Supp. 2d at 972. Therefore, dismissal is required. *See Skiles v. Tesla, Inc.*, 440 F. Supp. 3d 1012, 1018 (N.D. Cal. 2020) (ruling dismissal was required because the pleadings did not contain details of specific red flags that suggested the credit report would not be used for a permissible purpose).

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

### 2.     Plaintiffs' Claims Under § 1681e(b) Likewise Fail.

Plaintiffs plead in the SAC that EWS failed to take reasonable measures to assure the accuracy of the information on its credit reports. (SAC, ¶¶ 213-218.) That contention fails for two reasons.

**First**, there is no actual allegation of an inaccuracy in Plaintiffs' consumer reports on which to ground such a claim. Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure the maximum possible accuracy" in preparing *"consumer reports." See* 15 U.S.C. § 1681e(b); *Shaw v. Experian Information Solutions*, *LLC,* 891 F.3d 749, 755 (9th Cir. 2018) ("To bring a § 1681e claim, the 'consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information.'"). Section 1681e(b) applies to consumer reports, which are "CRA-prepared reports that a CRA issues to third parties ...." *Shaw*, 891 F.3d at 755 n.3. Plaintiffs only allege that EWS did not take reasonable measures to ensure the accuracy of their credit reports but did not identify what was "inaccurate" in their reports about their credit history. [5]

The focus of the Complaint is on the initial opening of the Wells Fargo accounts and the alleged use of PII in that process. Plaintiff Patterson alleges a mix of accurate and false PII was

---

[5] Plaintiff Patterson may point to the allegation that his consumer disclosure contained three ACH transactions reported "as returned due to insufficient funds" (SAC, ¶ 80) as a basis to support his claim under FCRA 1681e(b). This claim fails. First, the failure of prior, unrelated transactions to consummate based on insufficient funds provides no basis to believe that an attempted account opening was in any way fraudulent. Second, as discussed above, to state a claim under FCRA § 1681e(b) the plaintiff must allege the inaccurate information was actually contained in a "consumer report." Here, Plaintiff Patterson offers nothing more than the conclusory allegation that because there was an inquiry on his consumer disclosure, this disputed information must have been included in a consumer report. (SAC, ¶ 87). That leap-of-faith conclusion is insufficient to state a claim. Next and more generally, Plaintiffs' "class" allegations, as they relate to an attempt to bring a claim under FCRA § 1681e(b) fail. None of the class definitions offered by Plaintiffs (SAC ¶¶ 160-62) address "inaccurate information" or the inclusion of same in a consumer report. A review of the allegations in SAC paragraphs 166-173 demonstrate that Plaintiffs' attempted class claims are completely unrelated to this unsupported allegation.

used to open his Wells Fargo account. (SAC, ¶ 40.)[6] However, the law is clear that those allegations cannot support a claim. It is well established that PII, such as a consumer's name and Social Security number, does not constitute a "consumer report' and instead constitute what is known as "header information."[7] Credit header information itself does not constitute "consumer report" information under the FCRA because it does not bear on Plaintiffs' creditworthiness, credit standing, or any other of the seven factors enumerated by Congress § 1681a(d)(1)(C). *Harrington v. Choicepoint Inc.,* No. 2:05-CV-01294-MRP-JWJ, 2006 WL 8198396, at *8 (C.D. Cal. Oct. 11, 2006); *Bickley,* 751 F.3d at 729 (header information was not full credit report); *Parker v. Equifax Info. Servs., L.L.C.,* No. 2:15-cv-14365, 2017 WL 4003437, at *3 (E.D. Mich. Sept. 12, 2017) (same); *Karle v. Southwest Credit Systems,* No. 14–30058–MGM, 2015 WL 5025449 (D. Mass. June 22, 2015), *adopted,* 2015 WL 5031966 (D. Mass. Aug. 25, 2015); *Williams-Steele v. TransUnion,* No. 12 Civ. 0310(GBD)(JCF), 2015 WL 576714, at *3 (S.D.N.Y. Feb. 10, 2015) (incorrect address, missing area code, and additional incorrect employer do not constitute "consumer report[ing]" data), *aff'd,* 642 Fed. Appx. 72 (2d Cir. 2016); *Remsburg v. Docusearch, Inc.,* No. 00-211-B, 2002 WL 534439, at *2 (D.N.H. Apr. 4, 2002) (credit header information is not consumer report); *Ali v. Vikar Mgmt. Ltd.,* 994 F. Supp. 492 (S.D.N.Y. 1998); *Dotzler v. Perot,* 914 F. Supp. 328 (E.D. Mo. 1996) (names, addresses, and Social Security numbers do not bear on credit or general character). Accordingly, Plaintiff Patterson's alleged transmission of "inaccurate" PII from EWS to Wells Fargo fails to state a claim under § 1681e(b).

**Second**, Plaintiffs do not allege any plausible damages associated with their § 1681e(b) claim, as required. (SAC, ¶ 216.) Plaintiffs allege they "suffered damages to their reputations, [have] been victims of fraud, [and were] subjected to increased risk of credit denial, and other

---

[6] Notably, neither Plaintiff Jordan nor Plaintiff Adams make this allegation thus further supporting dismissal of their claims.

[7] *Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations* (July 2011), *available at* https://www.ftc.gov/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations.

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

concrete harm." (*Id*.) Notably, however, Plaintiffs do not allege they were actually denied any credit due to the disclosure of the Wells Fargo account, had some lower credit score as a result of the disclosure, or even that they were denied an account with another bank. Plaintiffs do not even allege they were deterred from seeking credit or that they experienced emotional distress as a consequence of knowing that allegedly inaccurate information existed in their credit file. Even those allegations would have been insufficient to state a claim, but there is no question that without them, there is not an actionable injury under the FCRA. *Selby v. Bank of America, Inc*., No. 09CV2079 BTM JMA, 2011 WL 902182, at *5 (S.D. Cal. March 14, 2011) (As to actual damages, a plaintiff must "specify what they are."); *see also Trikas v. Universal Card Serv. Corp.,* 351 F. Supp. 2d 37, 44-45 (E.D.N.Y. 2005) (dismissing plaintiff's FCRA claims based on lack of showing that creditor or other third party saw allegedly erroneous credit reporting information or took any negative action because of it); *Spector v. Experian Information Svcs. Inc., et al.*, 321 F.Supp.2d 348, 356 (D. Conn. 2004) (claim against creditor dismissed based on consumer's failure to allege economic harm).

### B.    Plaintiffs Have Not Alleged A "Willful" Violation of the FCRA.

Because Plaintiffs failed to allege facts demonstrating that EWS knew or should have known that they were victims of identity theft, it necessarily follows that they have not sufficiently pleaded a "willful" violation of the FCRA in any regard.

The FCRA imposes civil liability for willful or negligent noncompliance with the statute. 15 U.S.C. §§ 1681n, 1681o. To establish the "willfulness" required to impose liability under § 1681n, the defendant must have engaged in an action known to violate the FCRA or that stems from a reckless disregard of a statutory duty, *i.e.*, an "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58, 68 (2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Safeco*, 551 U.S. at 50 ("[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms but shows that the company ran a risk of violating the law substantially greater than the risk associated

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

1   with a reading that was merely careless.").

2       Courts can resolve questions of willfulness in FCRA claims as a matter of law on a motion

3   to dismiss. *See Lugo v. Experian Info. Sols., Inc.*, No. 16-04647-EJD, 2017 WL 2214641, at *10

4   (N.D. Cal. Aug. 22, 2017).

5       The SAC has no factual allegations that would show, or even suggest, that EWS knew or

6   recklessly believed that Wells Fargo did not intend to use the credit report in connection with a

7   transaction involving Plaintiffs. In *Huertas v. U.S. Dep't of Educ.,* No. 08-cv-3959-RBK, 2009 WL

8   3165442 (D.N.J. Sept. 28, 2009), for instance, the court dismissed plaintiff's FCRA § 1681b(a)

9   claim asserting a "willful" violation of the law, holding that "a plaintiff must allege, with sufficient

10  factual support, that the defendant willfully obtained the plaintiff's credit report without having a

11  permissible purpose . . . .   In other words, the [c]omplaint must allege facts sufficient to

12  demonstrate that [defendant] should have known ... that it did not intend to use the credit report in

13  connection with a credit transaction involving [plaintiff]." *Id.* at *9. Plaintiffs' conclusory

14  allegations that EWS actions were "willful" because Plaintiffs "did not authorize [EWS] to publish

15  their reports to Wells Fargo" (SAC, ¶ 204) do not even come close to meeting the high bar set for

16  willfulness.

17      Moreover, the SAC also contains no factual allegations by Plaintiffs that demonstrate or

18  suggest EWS committed a willful violation of § 1681e(b). The SAC does not allege with sufficient

19  detail that any purported inaccuracy was a result of EWS's "willful disregard of reasonable

20  procedures to ensure maximum possible accuracy." *Pedro v. Equifax, Inc.*, 186 F. Supp. 3d 1364,

21  1367 (N.D. Ga. 2016), *aff'd*, 868 F.3d 1275 (11th Cir. 2017);  *see Galea v. Wells Fargo Bank,*

22  *N.A.*, 388 F. Supp. 3d 1212, 1218 (E.D. Cal. 2019) (agreeing dismissal of the plaintiff's § 1681e(b)

23  claim was required because plaintiff's conclusory statements did not allege with sufficient detail

24  known and reckless violations of the FCRA); *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167,

25  1176 (D. Haw. 2003) (dismissing Plaintiff's § 1681e(b) claim because Plaintiff failed to allege

26  sufficient intent to violate the FCRA). Plaintiff's pleading failure requires dismissal of all its

27  willful violation claims.

28

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

1

### C.     Plaintiff Jordan's CCRAA Claim Fails.

2

Section 1785.11(a)(3)(F) of the CCRAA permits a consumer reporting agency to furnish a

3

credit report to any person it has reason to believe "has a legitimate business need for the

4

information in connection with a business transaction involving the consumer." Cal Civ. Code

5

§ 1785.11(a)(3)(F).[8]

6

In attempting to save her CCRAA claim, Plaintiffs state that the PII Wells Fargo supplied

7

to EWS was inconsistent with the PII EWS already had on file for Plaintiff Jordan. (SAC, ¶ 228.)

8

However, Plaintiff Jordan does not allege false PII was ever communicated to Wells Fargo. (SAC,

9

¶¶ 104-122.) That is likely because Plaintiff Jordan admitted in her prior pleading that Wells Fargo

10

did not provide incorrect PII to EWS. *See* Order Granting in Part and Denying in Part Motion to

11

Dismiss, Dkt. No. 90, at 12. It is unclear how Plaintiff Jordan now alleges EWS had incorrect PII,

12

which is rendered implausible by her prior pleading.

13

As established *supra*, § 1681b – and likewise § 1785.11(a)(3)(F) – does not apply to CRAs

14

like EWS so the CCRAA claim fails. Further, a permissible purpose exists even when it is claimed

15

that the request made to the consumer reporting agency was the product of fraud. *See Jones v. Best*

16

*Service Company*, No. CV 14-9872 SS, 2017 WL 490902, at *7 (C.D. Cal. Feb. 6, 2017); *Glanton*,

17

172 F.Supp.3d at 896 ("'A showing of a permissible purpose is a complete defense.'") (quoting

18

*Daniel v. Bluestem Brands, Inc.*, No. 13–11714, 2014 WL 81763, at *4 (E.D. Mich. Jan. 9, 2014));

19

*Shostack v. Diller*, No. 15-cv-2255, 2016 WL 958687, at *5 (S.D.N.Y. Mar. 8, 2016) (finding no

20

FCRA violation where defendant accessed credit report of alleged identity theft victim).  And, for

21

the reasons set forth above, that reasonable belief was present here.

22

Additionally, despite Plaintiff Jordan's attempt to allege Wells Fargo had already opened

23

the consumer checking account in her name, and that EWS thus did not have a permissible purpose

24

to provide an additional consumer report after account opening, she disregards that EWS had a

25

26

[8] This CCRAA provision is "substantially the same" as § 1681b(a)(3)(F) of the FCRA, meaning

27

that federal caselaw under § 1681b(a)(3)(F) is highly persuasive here. *Grigoryan v. Experian Info.*
*Solutions, Inc.,* 84 F. Supp. 3d 1044, 1080 n.176 (C.D. Cal. 2014).

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

1    reasonable basis to believe Wells Fargo had a legitimate business need to ensure the consumer met

2    the terms of the account, which included evaluating the consumer's PII for identity verification,

3    fraud, and/or account abuse warnings. EWS had a permissible purpose to run a report at Wells

4    Fargo's request after the account was opened "to review an account to determine whether the

5    consumer continues to meet the terms of the account" under § 1681(b)(a)(3)(F).

6         In *Trikas,* for example, a plaintiff filed a § 1681b claim against a bank that had obtained

7    his credit report for an account he previously held at the bank that had since been closed. 351 F.

8    Supp. 2d at 42. The bank explained that this error resulted from its failure to code the plaintiff's

9    account properly. *Id*. Thereafter, the bank made periodic audit inquiries of the plaintiffs' credit

10   with the intention of merely reviewing the account. *Id.* The court found that because the

11   defendant's purpose in obtaining the credit report was to review what it believed to be an existing

12   account, this was a permissible purpose under § 1681b even though the plaintiff was no longer the

13   bank's customer. *Id*. at 43. Similarly, in *Kennedy v. Victoria's Secret Stores, Inc.,* No. Civ.A. 03–

14   2691, 2004 WL 2186613 (E.D. La. 2004), a consumer alleged that a store clerk had opened an

15   account in her name without her permission. The plaintiff alleged the defendant store had violated

16   § 1681b, but the court found that because the plaintiff's report was obtained for the purpose of

17   extending credit or reviewing an account, the claim should be dismissed. *Id*. at *3. As such, EWS

18   had a permissible purpose in providing an additional consumer report.

19        Next, Plaintiff Jordan does not even allege that EWS could not have believed Wells Fargo

20   had a permissible purpose for the consumer report because the provided PII was inconsistent with

21   EWS's files. Regardless, Plaintiff Jordan has not and cannot allege EWS knew the information

22   provided by Wells Fargo was inaccurate. As described *supra,* this allegation is based on an

23   improper assumption that because EWS maintains files on consumers before EWS provides a

24   consumer report, it should generate a file disclosure, compare all the information in that file to the

25   information received from a requesting bank, and then provide the requested consumer report, but

26   only if the information in steps 1 and 2 completely matches. This is not what the FCRA requires,

27   and Plaintiffs can cite no case or statutory provision that would require it.

28

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF
LAW IN SUPPORT

Finally, despite the Court's Order finding that the conclusory assertion that EWS furnished a record of "inquiries" to Geico and Capital One solely resulting from credit transactions does not state a claim under § 1785.11(c), Plaintiff Jordan relies on the same deficient allegations in the SAC. *Compare* (SAC, ¶¶ 235-236.) *with* Order Granting in Part and Denying in Part Motion to Dismiss, Dkt. No. 90, at 13. Therefore, Plaintiff Jordan's pleading remains insufficient.

### D.      The FCRA and CCRAA Do Not Allow For Declaratory or Injunctive Relief.

In addition to the baseless FCRA claims alleged in the SAC, Plaintiffs also seek "declaratory relief" and "injunctive relief." (SAC, ¶¶ 237-241.) Neither form of relief is recognized under the FCRA or CCRAA.

The FCRA provisions affording relief to private litigants provide only for actual and statutory damages, punitive damages, and attorney's fees to successful litigants. 15 U.S.C. §§ 1681n, 1681o. They do not authorize injunctive, declaratory, or any other form of equitable relief. *See id*. By contrast, where Congress intended to make declaratory or injunctive relief available under the FCRA, it did so expressly and only made such relief available to the Fair Trade Commission ("FTC") or other agencies enforcing the FCRA. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000).

For this reason, the courts in this District have consistently held that declaratory and injunctive relief are *not* available to private litigants under the FCRA. *See Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1145 (N.D. Cal. 2005) (holding that "the express inclusion of injunctive relief in certain provisions of the FCRA and its omission from the provisions creating plaintiff's cause of action to be a sufficiently clear command' from Congress that injunctive relief is not available to plaintiff"); *White v. Navy Fed. Credit Union*, No. 18-00402-WQH-BGS, 2018 WL 3729510, at *7 (S.D. Cal. Aug. 3, 2018) (granting judgment on the pleadings *sua sponte* on claims for injunctive and declaratory relief under the FCRA); *Purcell v. Spokeo, Inc.*, No. 2:11–cv–06003–ODW (AGRx), 2014 WL 4187157, at *6 (C.D. Cal. Aug. 25, 2014) ("To [the] extent [plaintiff's declaratory relief claim] is premised on [defendant's] alleged violation of the FCRA, equitable relief is not available."); *see also Yeagley v. Wells Fargo & Co.*, No. 05-03403-CRB,

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

2006 WL 193257, at *2 (N.D. Cal. Jan. 23, 2006) ("By limiting the remedies for private right of actions to damages and attorneys' fees Congress demonstrated that it did not intend for private litigants to obtain injunctive or declarative relief.").

Moreover, to the extent Plaintiffs are seeking injunctive relief under the CCRAA claim, the FCRA preempts § 1785.31(b) of the CCRAA, and thus, the Court should dismiss Plaintiffs' claim for injunctive relief. *Hogan v. PMI Mortg. Ins. Co.*, No. 05-cv-03851, 2006 WL 1310461, at *10 (N.D. Cal. May 12, 2006) (dismissing claims for injunctive relief under the FCRA and the CCRAA, holding that such relief is not available under the FCRA and that the FCRA preempts the CCRAA); *Howard*, 371 F. Supp. 2d at 1146 (striking claim for injunctive relief under the CCRAA, holding that "the provision of that statute providing for injunctive relief is preempted by the FCRA").

### E.     Further Leave To Amend Should Be Denied.

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)). That is the case here. This is the Plaintiff's *__third__* attempt at pleading a cognizable cause of action, and they have still failed to articulate a theory under which this case should remain. Any amendment of the pleadings would be futile because no additional allegations could alter the nature of the underlying facts as alleged. *See, e.g.*, *Stossel v. Meta Platforms, Inc.*, 634 F. Supp. 3d 743, 760 (N.D. Cal. 2022), *appeal dismissed*, No. 22-16765, 2023 WL 3434064 (9th Cir. Mar. 1, 2023) (affirming dismissal because amendment would be futile); *see also Fair v. Experian Info. Sols., Inc.*, No. C 16-05712 CW, 2017 WL 3085425, at *4 (N.D. Cal. July 20, 2017) (ruling dismissal without leave to amend was appropriate for one plaintiff who previously was granted the right to amend but whose amendments did not address the pleadings' identified deficiencies); *U.S. ex rel. Marion v. Heald College, LLC*, No. 5:12-CV-02067-PSG, 2015 WL 5728442, at *1 (N.D. Cal. Sept. 30, 2015) (ruling dismissal without leave to amend was appropriate and that amendment would be futile because the court previously provided plaintiff with leave to

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

amend and fix an identified flaw in the pleadings but the same flaws remained in the amended complaint); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008) (affirming dismissal without leave to amend by the district court when the plaintiff erroneously sought declaratory judgment).

## V.    CONCLUSION

For the above reasons, the Court should dismiss with prejudice Plaintiffs' Complaint against EWS.

Dated: August 12, 2024

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

*/s/ Joseph M. DeFazio*

Kalama M. Lui-Kwan
Joseph M. DeFazio (*pro hac vice*)

*Attorneys for Defendant Early Warning Services, LLC*

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the above signatory in this document has concurred in the filing of this document, which shall serve in lieu of their signature on this document.

DATED:  August 12, 2024

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

By: */s/ Ryan A. Lewis*
    Ryan A. Lewis (CA Bar No. 307253)

EARLY WARNING SERVICES, LLC NOTICE OF & MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111