**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, UT 84790
Telephone:     (800) 400-6808
Facsimile: (800) 520-5523

**KELLETT & BARTHOLOW PLLC**
Theodore O. Bartholow, III (*pro hac vice*)
11300 N. Central Expy., Suite 301
Dallas, TX 75243
thad@kblawtx.com
(214) 696-9000; Fax (214) 696-9001

[Additional Counsel on Signature Line]

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNARD J. PATTERSON; JOSHUA P. ADAMS; LINDA G. JORDAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO.; WELLS FARGO BANK, N.A.; EARLY WARNING SERVICES, LLC; LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>Defendants. | Case No.: 3:23-cv-03858-TLT<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS**<br><br>**Hearing Date**: October 29, 2024<br>**Time**: 2:00 p.m.<br>**Courtroom**: 9, 19th Floor<br>**Judge**: Hon. Trina L. Thompson |

## I. INTRODUCTION

Early Warning Services, LLC ("Early Warning") is a financial technology company and specialty consumer reporting agency collectively owned and operated by the nation's largest banks. In addition to operating the peer-to-peer electronic funds transfer system Zelle, Early Warning collects consumer banking information – including account balance, payment history, and account status – from its vast network of bank and credit union furnishers. Plaintiffs' Second Amended Complaint, ECF No. 93 ("SAC"), alleges Early Warning allowed Wells Fargo to improperly access Plaintiffs' consumer reports – which contain the Plaintiffs' detailed personal identification information ("PII") and personal financial information ("PFI") – despite having reason to believe Wells Fargo lacked a permissible purpose for obtaining Plaintiffs' Early Warning consumer reports. Early Warning then amplifies this wrongful conduct by publishing false and misleading tradeline information regarding the unauthorized Wells Fargo accounts.

## II. PROCEDURAL AND FACTUAL BACKGROUND

The Court has already denied Early Warning's Motion to Dismiss with respect to Plaintiffs' 1681e(b) claim in the First Amended Complaint, and the relevant allegations in Plaintiffs' Second Amended Complaint ("SAC") on that count are not materially different. While the Court granted Early Warning's first Motion to Dismiss with respect to Plaintiffs' 1681b claim, its reason for doing so was based on defects in how Plaintiffs pleaded the count rather than a finding that the facts alleged could not support a properly pleaded 1681b count. Plaintiffs' SAC corrects this issue and pleads a proper count that should now survive Rule 12(b)(6).

## III. ARGUMENT

Early Warning's Motion to Dismiss Plaintiffs' Second Amended Complaint ("MTD"), ECF No. 99, should be denied in its entirety because Plaintiffs properly and adequately state claims for violations of the provisions of the FCRA and the CCRRAA prohibiting the furnishing of consumer reports to users when the CRA has a reasonable basis to believe the user lacks a permissible purpose for obtaining the report, 15 U.S.C. § 1681b, and for failing to "follow

reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

### A. Plaintiffs Sufficiently Allege Their Claims Under The FCRA and CCRAA

Plaintiffs sufficiently state a claim for Early Warning's violations of the FCRA and CCRAA. The CCRAA is the state analogue to the federal FCRA and mirrors its provisions. *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995); *see also* Cal. Civ. Code § 1785.11(a). The Ninth Circuit indicated that the Court "operate[s] under the assumption that California courts would interpret the FCRA and CCRAA consistently." *Carvalho v.Equifax Info. Servs.*, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (citing *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 Cal. Rptr. 3d 301, 309 (Ct. App. 2003)).

As a preliminary matter, Plaintiffs must correct the mischaracterization of the FCRA's statutory framework as presented by Early Warning. The FCRA explicitly provides consumers with a private right of action against any person, including credit reporting agencies, for negligent or willful violation of any requirement or duty imposed under the statute. *See* 15 U.S.C. §§ 1681n ("Civil liability for willful noncompliance"), 1681o ("Civil liability for negligent noncompliance"). Indeed, Courts in the Ninth Circuit have generally found that "[i]f a credit reporting agency furnishes a credit report for an impermissible purpose, the FCRA creates a private right of action allowing injured consumers to recover any 'actual damages' caused by negligent violations and both actual and punitive damages for willful noncompliance.'" *Rodriguez v. Experian Info. Solutions, Inc.*, No. 15-01224, 2016 U.S. Dist. LEXIS 96826 (W.D. Wash. July 25, 2016) (quoting *TRW Inc. v. Andrews,* 534 U.S. 19, 23 (2001). As such, Early Warning's "statutory framework" for analyzing claims under 15 U.S.C. § 1681b, its California counterpart, § 1785.11(a)(3)(F), and the out-of-circuit cases relied on for support thereof, should be disregarded as incorrect.

///

///

///

### 1. The SAC adequately alleges Early Warning furnished Plaintiffs' credit reports without a permissible purpose.

Section 1681b sets forth the exclusive list of permissible purposes for which consumer credit reports may be furnished or released by consumer reporting agencies to users. Section 1681b(a)(3) further provides that CRAs may furnish a report "[t]o a person which it has reason to believe" has a relevant permissible purpose. *See* 15 U.S.C. §§ 1681b(a)(3)(A)-(G); s*ee also* Cal. Civil Code § 1785.11.[1] A consumer reporting agency must have a reasonable belief that a party requesting a consumer report has a permissible purpose to obtain the consumer's confidential financial information. Here, based on the allegations of Plaintiffs' FAC, the law of the case has already found that Plaintiffs may plausibly claim a violation of Section 1681b(a) where such a claim is properly plead and supported by allegations that Early Warning lacked reasonable belief that Wells Fargo had a permissible purpose. *See* Order Granting, In Part, Denying, In Part, Defendants' Motion to Dismiss ("MTD Order"), p. 9 at fn 3 (ECF No. 90) ("It is plausible that, upon amendment, Plaintiffs could show that based on its possession of contradictory information, it was not reasonable for Early Warning to believe that Wells Fargo sought the consumer reports for a legitimate business purpose.").

Early Warning substantially relies on out-of-circuit cases to support its argument that Early Warning "had a reasonable basis to believe Wells Fargo had a permissible purpose for requesting the report." Early Warning MTD, p. 7-8. Such cases are still distinguishable. For example, in *Bickley v. Dish Network, LLC*, the Sixth Circuit affirmed summary judgment for the defendant, finding that defendant *believed in good faith* that the plaintiff was the consumer initiating the transaction at issue. 751 F.3d 724, 732-33 (6th Cir. 2014).

Unlike *Bickley*, the current matter is at the pleading stage, nothing in the SAC alleges that Early Warning believed in good faith that Plaintiffs were the consumers who were opening the

---

[1] Permissible purposes for furnishing credit reports under the CCRAA "'are matters of exception that the defendant must plead as a defense.'" *Trim v. CMRE Fin. Servs.*, 2021 U.S. Dist. LEXIS 48060, at *5 (S.D. Cal. Mar. 12, 2021) (denying a motion to dismiss case involving a debt collector's impermissible credit pull under the FCRA) (quoting *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 495 (9th Cir. 2019))

fraudulent Wells Fargo accounts. *See, e.g., Rand v. Citibank, N.A.*, 2015 WL 510967, 2015 U.S. Dist. LEXIS 14695, at *10-11 (N.D. Cal. Feb. 6, 2015) (distinguishing plaintiff's case from *Bickley* and denying motion to dismiss FCRA claim based on 15 U.S.C. § 1681b); *Skiles v. Tesla*, 440 F. Supp. 3d 1012 (N.D. Cal. Feb. 19, 2020) (observing that CRA may be liable under 1681b for user's impermissible use where CRA should have known risk of impermissible use based on 'red flags'). *See also* MTD Order, p. 12 ("Courts in this district have found that a CRA presented with inaccurate PII from an entity requesting a credit report should reasonably be alerted that the entity may be seeking the report for an impermissible purpose.") (citing *Rand*, 2015 WL 510967, at *3).

Here, Plaintiffs allege that Early Warning knew, or should have known, Plaintiffs were not the individuals opening the Wells Fargo accounts based on the contradicting PII for Plaintiffs contained in Early Warning's own records and systems. SAC, ¶¶ 27, 35, 51-53, 147, 200. Plaintiffs further allege that Early Warning knew or should have known there was a risk of impermissible purpose based on the 'red flags' in the PII provided by Wells Fargo. SAC, ¶¶ 28, 40, 51, 53, 196. At this stage of the case, Plaintiffs plead enough information to support a reasonable inference that Early Warning provided Plaintiffs' Early Warning reports to Wells Fargo even though Early Warning did not have a reasonable basis to believe Wells Fargo was requesting Plaintiffs' credit reports for a permissible purpose.

Moreover, ¶ 202 of the SAC cited by Early Warning (*see* MTD, p. 2, lns. 3-6) directly contradicts its argument in the motion to dismiss concerning a permissible purpose relating to determining whether the customer continued to meet the terms of the recently opened account, given that the Plaintiffs' allegations say just the opposite. *See* SAC, ¶ 202 (alleging "no need for Wells Fargo" to make such as determination).

        **2.**     ***Plaintiffs' § 1681e(b) claims are adequately pled***

"To bring a § 1681e claim, the 'consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information.'" *King v. Equifax Info. Servs.*, No. 3:22-cv-07484, 2023 WL 3006552, at *3 (N.D. Cal. Apr. 18, 2023) (citing *Shaw v. Experian Info.*

4

PLAINTIFFS' OPPOSITION TO EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS
CASE NO. 3:23-CV-03858-TLT

*Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). "Inaccurate" information includes information that is either "patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw*, 891 F.3d at 756 (internal citations omitted). *See also* MTD Order, p. 10. Additionally, many Courts have held "that a violation of 1681b is a prerequisite to a claim under Section 1681e." *Skiles*, 440 F. Supp. 3d at 1018.

The law of the case supports a finding that Plaintiffs sufficiently plead a claim against Early Warning under 15 U.S.C. § 1681e(b). MTD Order, pp. 9-11. In that MTD Order, with respect to Plaintiffs' allegations that Early Warning provided inaccurate information to third parties, the Court observed Plaintiffs' claims that Early Warning did not follow reasonable procedures to assure the accuracy of the information were "supported by the fact that Early Warning had accurate PII information about Plaintiffs that contradicted some of the PII associated with these accounts. Nevertheless, Early Warning still chose to include them in their disclosures to third parties." *Id.*, p. 10. With respect to Plaintiffs' 1681e(b) claims against Early Warning, the allegations of Plaintiffs' SAC in support thereof are materially the same as the allegations in Plaintiffs' First Amended Complaint, which the Court allowed to proceed, denying Early Warning's first Motion to Dismiss. MTD Order, p. 9-10. Further, Plaintiffs' claims that Early Warning failed to follow reasonable procedure are only strengthened by the amended cause of action under Section 1681b(a), including Plaintiffs' allegations that Early Warning could not reasonably believe that Wells Fargo had a permissible purpose in obtaining Plaintiffs' consumer credit reports. SAC, ¶¶ 214 ("As a consumer reporting agency under the FCRA, Early Warning has statutory obligations to use reasonable procedures to ensure the maximum possible accuracy of their reports."), 215 ("Early Warning's conduct, as alleged above, demonstrates Early Warning has failed to establish or follow reasonable procedures to assure maximum possible accuracy of consumer …").

Plaintiffs have standing to assert their claim for violation of 1681e(b) because the SAC satisfies the *TransUnion* requirement, as a prerequisite to establishing injury-in-fact, of publication of false and defamatory information to third parties. *Transunion LLC v. Ramirez*, 594 U.S. 413 (2021).

Paragraph 86 of the SAC, in particular, alleges that Early Warning reported the false information in Patterson's reports regarding ACH transactions on the fraudulent Wells Fargo account that were returned due to insufficient funds no fewer than fourteen times to numerous third parties. Plaintiffs' allegations that Early Warning reported the false and derogatory information to multiple third parties is all that *TransUnion* requires.[2] Also, Plaintiffs allegations of emotional distress support the existence of "plausible damages." MTD, p. 12. "The Ninth Circuit observed that "the term 'actual damages' has been interpreted to include recovery for emotional distress and humiliation."" *Graham v. Sunnova Energy Int'l, Inc.*, No. 22-0622, 2024 U.S. Dist. LEXIS 34415 (E.D. Cal. Feb. 28, 2024) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

As explained in *Shaw*, a Ninth Circuit decision cited to by Defendant, "[a] consumer's file includes 'all information on the consumer that is recorded and retained by a [CRA] that might be furnished, or has been furnished, in a consumer report on that consumer.'" 891 F.3d at 759 (emphasis added). Therefore, the fact that Plaintiffs' credit files show hard inquiries from entities that postdated hard inquiries from Wells Fargo and/or Wells Fargo Bank unequivocally demonstrates that those entities would have seen Wells Fargo and/or Wells Fargo Bank's inquiries on Plaintiffs' respective credit reports because such inquiries must appear on consumers' credit report. Entities other than Wells Fargo are alleged to have performed hard inquiries of Patterson's and Jordan's Early Warning credit reports after Wells Fargo and/or Wells Fargo Bank had already performed hard inquiries and reported false tradeline information about the unauthorized Wells

---

[2] Hard inquiries—such as those performed by Wells Fargo and/or Wells Fargo Bank and that predated other hard inquiries—appear on consumer credit reports and may negatively affect a consumer's credit score. *Heaton v. Social Finance, Inc.*, No. 3:14-cv-05191-THE, ECF No. 94-1, at *2 n.1 (N.D. Cal. Nov. 4, 2011), As explained in *Shaw*, a Ninth Circuit decision cited to by Defendant, "[a] consumer's file includes 'all information on the consumer that is recorded and retained by a [CRA] that might be furnished, or has been furnished, in a consumer report on that consumer.'" 891 F.3d at 759 (emphasis added). Therefore, the fact that Plaintiffs' credit files show hard inquiries from entities that postdated hard inquiries from Wells Fargo and/or Wells Fargo Bank unequivocally demonstrates that those entities would have seen Wells Fargo and/or Wells Fargo Bank's inquiries on Plaintiffs' respective credit reports because such inquiries must appear on consumers' credit report.

Fargo's accounts. SAC at ¶ 81 ("Patterson's August 2, 2022, Early Warning report indicated that just two entities inquired with Early Warning after Wells Fargo opened the unauthorized Patterson account."); *Id.* ¶ 87 ("Based on the publication dates for the inquiries on the September 1, 2022 "corrected" Early Warning report responding to the Patterson dispute, Wells Fargo and Early Warning falsely reported that Patterson had at least one and up to three recent scheduled ACH transactions returned for insufficient funds no fewer than 14 times to no fewer than 5 different third parties."); *Id.* ¶ 121 ("The same Early Warning Credit report listed other inquiries postdating those made by Wells Fargo, including an inquiry by Capital One on April 6, 2023, and an inquiry by GEICO on August 7, 2023."). Further, the Court has already found that allegations of an inaccurate file disclosure alongside relevant account inquiries by third parties are sufficient to support Plaintiffs' 1681e(b) claim at this stage of the case. *See* MTD Order, p. 11 ("Though evidence of inquires may be insufficient at a later phase, it is plausible to infer that at least one of the parties that made an inquiry on Patterson's account did so for purposes of credit, insurance, or employment. Additionally, it is plausible that the information they received included information regarding the unauthorized transactions.").

Thus, based on the reasons outlined above, Plaintiffs' FCRA claim pursuant to § 1681e is adequately pled in the SAC.

### 3. *Early Warning acted willfully or negligently*

Plaintiffs allege that Early Warning willfully violated the FCRA and CCRAA. "Willful conduct also includes knowing and reckless violations. […] Allegations that a defendant had knowledge of the FCRA's requirements prior to any violation can be read to allege willfulness in terms of either knowledge or recklessness." *Graham,* 2024 U.S. Dist. LEXIS at *19 (internal quotations and cites omitted). Here, Plaintiffs' SAC sufficiently alleges that Early Warning had knowledge of its FCRA obligations. SAC at ¶¶ 159, 184, 204, 211 217 (FCRA), 232-33 (CCRAA). Further, to the extent Plaintiffs allege willful violation of the FCRA and CCRAA, they "need not plead actual damages for the willful variation" of that claim. *Lara v. Experian Info. Sols., Inc.*, 2021 U.S. Dist. LEXIS 118150, at *10-11 (S.D. Cal. June 24, 2021) (denying motion to dismiss

the willful CCRAA claim). At this stage, Plaintiffs' SAC allegations that Early Warning knew it was subject to the FCRA and that it knew or should have known about its legal obligations under the FCRA are sufficient to support a conclusion that the alleged violation was willful, or, at a minimum, reckless. Accordingly, Plaintiffs allegations are sufficient to reasonably infer that Early Warning willfully violated the FCRA and CCRAA.

Alternatively, to the extent Plaintiffs plead their claims under FCRA and CCRAA in negligence, Plaintiffs have alleged sufficient facts demonstrating that Plaintiffs suffered actual damages as a result of Early Warning's violations. With respect to the CCRAA, courts in the Ninth Circuit have held that allegations of invasion of privacy, damage to creditworthiness, emotional distress, anxiety, frustration, and reputational harms are sufficient to allege actual damages under the plain language of the CCRAA. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (holding that emotional distress constitutes actual damages); *Fernandez v. CoreLogic Credco, LLC*, 593 F. Supp. 3d 974, 993 (S.D. Cal. 2022) (denying motion to dismiss; plaintiff alleged "that as a result of Defendant's inaccurate reporting, he was alarmed distressed, embarrassed, frustrated, and suffered harm to his reputation."). *See* SAC at ¶ 159 ("As a result of Defendants' misconduct, Plaintiffs and the putative class members have suffered reputation injuries and other actual harms and losses."); *Id.* at ¶ 231 ("Jordan . . . suffered damages as a result of Defendants' conduct."), *Id.* at 234 ("Jordan . . . [was] harmed by Wells Fargo's inquiries because Wells Fargo accessed sensitive PII and PFI without [her] permission, thereby invading [her] privacy."); *Id.* at ¶ 235 (alleging Early Warning "grant[ed] Wells Fargo access to Jordan's credit files and . . . furnishing to Capital One and GEICO a record of inquiries solely resulting from credit transaction that were not initiated by Jordan …"); *Id.* at ¶ 298 (alleging that Plaintiffs suffered "reputational harm, identity theft, emotional distress, frustration, and anxiety.").

Therefore, Plaintiffs plead facts sufficient to give rise to a reasonable inference that Early Warning damaged Jordan when it impermissibly furnished Jordan's credit report to Wells Fargo and Wells Fargo Bank in violation of both the FCRA and CCRAA.

**B. Further Leave to Amend Should Be Granted**

Plaintiffs' SAC did not replead the negligence claim that was included in their First Amended Complaint, as claims under the Fair Credit Reporting Act are generally found to be more amenable to class treatment. Should the Court dismiss Plaintiffs' Second Amended Complaint, or its claims against Early Warning, Plaintiffs respectfully request leave to replead their negligence claim on an individual and putative class basis.

**IV. CONCLUSION**

For the foregoing reasons, Early Warning's MTD should be denied in its entirety.

Dated: August 27, 2024            **KAZEROUNI LAW GROUP, APC**

By   */s/ Jason A. Ibey*
     Jason A. Ibey
     jason@kazlg.com
     *Attorneys for Plaintiffs*

**Additional Counsel for Plaintiffs**

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian (SBN: 249203)
ak@kazlg.com
Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone:     (800) 400-6808
Facsimile:       (800) 520-5523