1  **MCGUIREWOODS LLP**
   DAVID C. POWELL SBN 129781
2  ALICIA A. BAIARDO SBN 254228
   Two Embarcadero Center, Suite 1300
3  San Francisco, CA 94111-3821
   Telephone: 415.844.9944
4  Facsimile: 415.844.9922

5  **MCGUIREWOODS LLP**
   MOLLY M. WHITE SBN 171448
6  1800 Century Park East, 8th Floor
   Los Angeles, CA 90067-1501
7  Telephone: 310.315.8200
   Facsimile: 310.315.8210
8  mwhite@mcguirewoods.com

9  *Attorneys for Wells Fargo & Company and Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNARD J. PATTERSON; JOSHUA P. ADAMS; LINDA G. JORDAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO.; WELLS FARGO BANK, N.A.; EARLY WARNING SERVICES, LLC,<br><br>Defendants. | Case No. 3:23-cv-03858-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date**: September 19, 2024<br>**Time**: 2:00 p.m.<br>**Courtroom**: 9, 19th Floor<br>**Judge**: Hon. Trina L. Thompson<br><br>Complaint Filed: August 1, 2023<br>FAC Filed: November 6, 2023<br>SAC Filed: July 10, 2024 |

Plaintiffs Bernard J. Patterson ("Patterson"), Joshua P. Adams ("Adams"), and Linda G. Jordan ("Jordan") (the, "Plaintiffs"), and Defendants Early Warning Services, LLC ("EWS") and Wells Fargo & Company and Wells Fargo Bank, N.A. (together, "Wells Fargo") (EWS and Wells Fargo as, "Defendants")[1] have met and conferred on the matters set forth herein and submit this further joint case management statement pursuant to the Court's Order dated May 9, 2024.

## JURISDICTION AND SERVICE

On July 10, 2024, Plaintiffs filed a Second Amended Complaint ("SAC") asserting four causes of action under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"). Defendants have been served and do not dispute personal jurisdiction or venue.

## FACTS

**Plaintiffs:** Plaintiffs allege that Wells Fargo is unlawfully opening unauthorized deposit accounts to obtain Plaintiffs' and putative class members' confidential consumer reporting information from EWS without a permissible purpose. Plaintiffs also allege that EWS, a consumer reporting agency, is providing Plaintiffs' and putative class members' consumer reports to Wells Fargo without a permissible purpose and reporting inaccurate information about consumers in response to third party inquiries.

Specifically, Wells Fargo opens deposit accounts in Plaintiffs' and putative class members' names based on new account applications that contain a combination of fake and real personal identification information ("PII") despite knowing that the PII used in the fraudulent account applications is inconsistent with the consumers' PII in the identity verification reports it obtains from LexisNexis Risk Solutions FL Inc. before opening the accounts.

After the accounts are opened, Wells Fargo obtains Plaintiffs' and putative class members' EWS consumer reports, which contain the true and correct PII and personal financial information ("PFI")—without a permissible purpose. As Plaintiffs allege in their SAC, consumers' confidential

---

[1] Pursuant to the Court's Order, formerly named Defendant LexisNexis Risk Solutions, Inc. ("LNRS") was dismissed with prejudice. ECF-78.

PII and PFI is inherently valuable and, by opening these fake accounts, Wells Fargo impermissibly obtains this valuable consumer information from EWS. Further, Plaintiffs allege that EWS lacks a reasonable belief that Wells Fargo is obtaining Plaintiffs' consumer reports for legitimate business purposes when it provides Wells Fargo with this valuable information because EWS knows the PII Wells Fargo submitted for the fraudulent accounts is inconsistent with the accurate PII EWS already has on file for these consumers. Further, after the fraudulent deposit accounts are opened, Wells Fargo processes unauthorized financial transactions in the Plaintiffs' and putative class members' names and furnishes information regarding these fraudulent transactions to EWS, which then publishes this information in response to third party inquiries.

Several transactions using Plaintiffs' unauthorized accounts are believed to have hurt their reputation and/or credit standing. For instance, three of the unauthorized ACH transactions that Wells Fargo reported on its trade line for Plaintiff Patterson were returned due to "insufficient funds," which is considered a derogatory statement harmful to Patterson's credit rating. By August 2, 2022, when Patterson first obtained his EWS file disclosure, Wells Fargo had already determined that his account was opened fraudulently. And yet, Wells Fargo failed to update the trade line for the unauthorized account with EWS to remove the fraudulent ACH transactions or to include any indication of fraud or identity theft. Further, on information and belief, supported by documents produced by Wells Fargo up to this point, the fraudulent accounts for both Plaintiffs Patterson and Adams were used for public benefits/government assistance fraud. Such fraud, when linked to an account in a consumer's name, is a derogatory statement harmful to the consumer's credit standing and reputation.

Plaintiffs have been injured by the unauthorized Wells Fargo accounts opened in their names, by Defendants' improper credit reporting practices and false credit reporting, by Defendants' theft of Plaintiffs' PII and PFI, and as otherwise alleged in the SAC.

**EWS:** EWS denies the allegations in Plaintiffs' Second Amended Complaint and denies Plaintiffs have pled sufficient facts to state a claim upon which any relief can be granted against EWS. This case involves an identity thief or thieves who obtained certain elements of Plaintiffs' personal identifying information ("PII") and used that information to open accounts with Wells Fargo.

EWS maintains it had reason to believe Wells Fargo had a permissible purpose in obtaining Patterson's consumer report and Wells Fargo was acting in a manner consistent with its core, consumer banking model in seeking information from EWS. Additionally, EWS denies that it knew that Patterson's alleged PII submitted by Wells Fargo was inconsistent with other PII EWS allegedly already had on file. When EWS received the March 11 consumer report request, EWS was under no obligation to compare the PII in its files to identify potential discrepancies with the PII submitted by Wells Fargo. EWS was not involved in the account opening and did not perform identity verification services. EWS searched its database to determine whether there were any shared fraud or account abuse records that matched the identifiers submitted by Wells Fargo in connection with the inquiry. There were none. EWS did not return any PII to Wells Fargo in response to the inquiry. After the Complaint was filed, Wells Fargo informed Plaintiff's counsel of these facts.

EWS also denies that it provided inaccurate consumer reports to any third parties. EWS did not provide any ACH transaction history, account history, or any other negative information regarding Patterson to any third party. Instead, the inquiries Patterson identifies were inquiries related to the status of an account being used for payment purposes (e.g., to verify that the account upon which the payment was drawn exists and whether it is closed). EWS provided only information that an account existed and was open. No further details regarding the account, including its balance, transaction history, or any other PII associated with that particular account, were provided to any third party.

Plaintiff Linda Jordan's account is similar. EWS was permitted to provide Wells Fargo Jordan's information because EWS had reason to believe Wells Fargo had a permissible purpose in obtaining Jordan's consumer report. EWS also denies that it provided inaccurate consumer reports to any third parties regarding Jordan for the same reasons outlined above with respect to Patterson and denies that the recorded Wells Fargo inquiries were credit transactions or that EWS was not permitted to furnish a record of the inquiries to Capital One and Geico.

Finally, with respect to Plaintiff Joshua Adams, EWS had reason to believe that Wells Fargo had a permissible purpose for the inquiry. Additionally, EWS also denies that it provided

1  inaccurate consumer reports to any third parties regarding Adams.

2  **Wells Fargo:** This case stems from a third-party identity fraud scheme. Plaintiffs allege that a
3  fraudster opened unauthorized accounts ("Accounts") at Wells Fargo in Plaintiffs' names based on
4  stolen personal identification information ("PII") that came from a source other than Wells Fargo.
5  Wells Fargo validated Plaintiffs' PII with a third-party vendor (LNRS) and obtained consumer
6  reporting from EWS affirming that certain elements of PII provided by fraudster applicants were
7  accurate whereas others were inconsistent with what appeared on applications.

8        Patterson alleges that in March 2022 a fraudster opened an Account at Wells Fargo in his
9  name, and that Wells Fargo validated Patterson's PII through a mixture of accurate and inaccurate
10  PII. Once the Account was opened, an unauthorized party—likely the fraudster—transferred
11  roughly $5,000 that did not belong to him into the Account. Patterson alleges he first learned
12  about the Account on June 17, 2022, which is when he received a monthly account statement from
13  Wells Fargo. Following this discovery, Patterson notified Wells Fargo who acted quickly to close
14  the Account and submit it for deletion from EWS reporting, which EWS did.

15        Adams alleges that he discovered a Wells Fargo Account after receiving an account
16  statement on or about July 18, 2023, which was opened in his name by a third party fraudster
17  using both accurate and inaccurate PII. Roughly 1-2 weeks after receiving this statement, Adams
18  called Wells Fargo regarding this Account and requested all statements related to it. Wells Fargo
19  provided statements for the Account from October 18, 2021 through July 18, 2023. According to
20  these statements, various transactions were completed, though none of them using Adams' funds.
21  Due to this discovery, Adams checked his credit reports with EWS where the Account appeared.

22        Jordan received a statement related to her Account, which had a $0.00 balance, on
23  November 5, 2021. After receiving this statement, she contacted Wells Fargo regarding the
24  Account and requested that it be closed. On or around November 12, 2021, Jordan received a letter
25  from Wells Fargo regarding its investigation into the Account. After Wells Fargo completed its
26  investigation, it closed the Account by January 13, 2022.

27        The primary differences between the First Amended Complaint's ("FAC") allegations and
28  the SAC's allegations is that Plaintiffs have added an allegation that Wells Fargo was in

Case 3:23-cv-03858-TLT   Document 127   Filed 09/12/24   Page 6 of 15

possession of inconsistent PII, as between LNRS reporting and the account applications submitted by fraudsters. Plaintiffs claim this should have put Wells Fargo on notice that fraud was afoot thus negating its proper purpose for obtaining EWS reporting to confirm identity.

## LEGAL ISSUES

**Plaintiffs:** The principal disputed points of law are whether the proposed classes can be certified under Federal Rule of Civil Procedure 23; whether Defendants violated the FCRA and the CCCRAA; and whether Plaintiffs and the putative classes are entitled to relief.

**Defendants:** Defendants do not believe Plaintiffs' claims will survive the pending Motions to Dismiss (ECF-99 (EWS), ECF-97 (Wells Fargo)) because the possession of inconsistent PII does not invalidate a proper purpose for requesting reports. Further, any class here is not certifiable given the individualized nature of the proposed claims, nor can Plaintiffs recover any damages.

## MOTIONS

**Plaintiffs:** Plaintiffs anticipate the following motions: (1) Motion for Class Certification; (2) Motion for Summary Judgment after the close of discovery to narrow the issues for trial.

Plaintiffs have opposed Defendants' motions to dismiss and motions to stay discovery. Defendants have until September 13, 2024, to file a reply in support of their motion to stay discovery. Hearings on these motions are currently set for October 29, 2024.

**Defendants:** Defendants each anticipate filing Motions for Summary Judgment. Currently pending are EWS' Motion to Dismiss (ECF-99), Wells Fargo's Motion to Dismiss (ECF-97), and Defendants' joint Motion to Stay Discovery until 30 days after the Court issues an Order on the pending Motions to Dismiss. ECF-98. The Court recently granted an administrative motion (ECF-116) vacating the dates scheduled in its previously issued Scheduling Order (ECF-42) and issued an amended Scheduling Order on September 6, 2024.

## AMENDMENT OF PLEADINGS

**Plaintiffs:** Should the Court grant Defendants' motions to dismiss Plaintiffs' SAC, in whole or in part, Plaintiffs request the right to file a third amended complaint to cure deficiencies, if any. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

**Defendants:** To the extent Plaintiffs are provided leave to amend the SAC, which Defendants

JOINT CASE MANAGEMENT STATEMENT

urge they should not be given, Defendants will review the amended pleading and consider how to respond (*e.g.*, Answer, Move to Dismiss, etc.). To date, Defendants have not filed an Answer.

### EVIDENCE PRESERVATION

The Parties have reviewed the guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have meet and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps they have taken to preserve evidence relevant to the issues reasonably evident in this action.

**Plaintiffs:** Plaintiffs have requested that Defendants confirm that they have preserved records pertaining to their practices and policies of opening consumer accounts without their knowledge or consent; the class data (accounts that were opened without consent and facilitated impermissible inquiries into victims' credit reports); credit request and reporting policies; all communications, account logs, and notes pertaining to Plaintiffs and the putative classes. Further, Plaintiffs requested that Defendants provide information pertaining to their data records regarding the class members. Plaintiffs have sought discovery of the systems that Defendants use to access individual accounts, if the data on the accounts is searchable, in order to address any issues that may be raised concerning the anticipated burden of production of class data. Also, if certain records are maintained by third party vendors, Plaintiffs have requested that Defendants identify said vendors to avoid subsequent preservation issues.

**Defendants:** Defendants have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and conferred pursuant to Rule 26(f) regarding taking reasonable and proportionate steps to preserve evidence.

### DISCLOSURES

**Plaintiffs:** The Parties have exchanged initial disclosures on November 20, 2023. After Plaintiffs met and conferred with Defendants concerning their respective initial disclosures, Defendants supplemented and/or amended their respective disclosures.

**Defendants:** Defendants have exchanged initial disclosures with Plaintiffs.

### DISCOVERY

**Plaintiffs:** Plaintiffs have served a first set of requests for production on each of the named

Defendants in this matter, to which Defendants responded with objections. The Court entered an order granting limited discovery on April 25, 2024. While Defendants produced some documents limited to the named Plaintiffs, Defendants have still failed to produce necessary and responsive documents related to the named Plaintiffs, such as account application/opening documents as well as reporting communications between Defendants. Plaintiffs also intend to propound requests for admission and interrogatories and serve Fed. R. Civ. P. 30(b)(6) deposition notices on Defendants once the stay has been lifted in this case.

**Defendants:** On September 3, 2024, the Court continued its stay to discovery pending an amended scheduling order. ECF-119. Defendants have produced "some document discovery about the named plaintiffs that can give at least some insight into what happened to them," in accordance with the Magistrate's April 25, 2024 order staying discovery. ECF-80.

## CLASS ACTIONS

**Plaintiffs:** This action is maintainable under Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

- Plaintiffs seek to represent a class and sub-classes defined as follows:

   (1) All persons within the United States who have or had an unauthorized bank account that was opened by Wells Fargo in connection with Defendants' verification of the person's identity based on an "application" that included a combination of some of the person's true and false PII, within the four years prior to the filing of the complaint in this action.

   (2) All persons within the United States whose credit report and/or consumer disclosure from Early Warning was obtained by Wells Fargo without authorization.

   (3) All persons within California whose credit report and/or consumer disclosure from Early Warning was obtained by Wells Fargo without authorization as a result of Wells Fargo opening an unauthorized account in their name using a mix of true and false PII.

- Facts showing the party is entitled to maintain the action: Plaintiffs are asserting claims typical of those of the proposed class members and will fairly and adequately represent and protect the interests of the absent class members, as discussed above in the "Facts" section. Plaintiffs believe these facts are shared with the absent class-members, and that the proposed class and subclasses have a well-defined community of interest in the questions of law and fact which

1 predominate over any individual issues in the case, with a class size in the thousands.

2 • Proposed date: Plaintiffs' deadline to file a motion for class certification for January 21, 2025. ECF 124. However, since Plaintiffs have not yet received requested class-related discovery from Defendants, and the Court has previously stayed discovery in part (except for discovery concerning the named Plaintiffs) pending a ruling on Defendants' motions to dismiss, Plaintiffs anticipate requesting a brief extension in the class certification motion briefing schedule to allow for sufficient time to conduct class-related discovery if necessary.

**Defendants:** Defendants vigorously oppose class certification. Plaintiffs cannot meet the requirements of Federal Rules of Civil Procedure 23(a), (b)(2), or (b)(3). A class action is <u>not</u> the superior way to adjudicate individual harm as a result of an unknown fraudster's actions. The claims described in the SAC require an individualized inquiry, and Plaintiffs' claims are not typical of any putative class members.

### RELATED CASES

The Parties are unaware of any pending related cases.

### RELIEF

**Plaintiffs:** Plaintiffs pray for the following on behalf of himself and each class member, against Defendants and each of them: (1) that this action be certified as a class action; (2) that Plaintiffs be appointed as the representative of the Class and Subclasses; (3) that Plaintiffs' attorneys be appointed Class Counsel; (4) actual damages; (5) statutory damages; (6) punitive damages; (7) costs of suit; (8) reasonable attorneys' fees; and, (9) all such other and further relief as the Court deems just and proper in light of Defendants' misconduct and Plaintiffs' and the putative class members' injuries alleged herein.

**Defendants:** Defendants have not filed an Answer or any counterclaims. Regardless, Defendants' position is that Plaintiffs have failed to state any claim and the SAC should be dismissed.

### SETTLEMENT AND ADR

The Parties are amenable to private mediation, but do not believe it would be productive until the Court has issued a ruling on Defendants' Motions to Dismiss.

### OTHER REFERENCES

The Parties do not believe this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

## NARROWING OF ISSUES

**Plaintiffs:** Plaintiffs are amenable to meet and confer regarding a potential narrowing of issues as the case proceeds.

**Defendants:** Defendants are amenable to meeting and conferring with Plaintiffs regarding narrowing the issues as this case proceeds, but do not believe such efforts will be productive until the Court has issued a ruling on Defendants' Motions to Dismiss.

## SCHEDULING

**Plaintiffs:** The Court has laid out a schedule for this matter in its Revised Case Management and Scheduling Order. ECF 124. Plaintiffs anticipate requesting a brief extension to filing their motion for class certification if necessary, given the reasons discussed above.

**Defendants:** On August 29, 2024, the Court vacated dates set in the Scheduling Order set forth in ECF-42 (ECF-116), and on September 6, 2024, the Court issued an amended Scheduling Order, which is described below. ECF-124. Defendants propose small modifications to the Scheduling Order, to be discussed at the Case Management Conference, because they are concerned with the deadline to file a class certification motion. Given the Magistrate's indication that discovery should proceed after the merits motions are decided, and given that the hearing on the Motions to Dismiss is on October 29, 2024, the Defendants propose extending the deadline to file class certification by 60 days—along with the remaining briefing deadlines and discovery cut-off—to give the parties a sufficient opportunity to take discovery before the class certification motion.

| Task Description | Current Court Deadline | Defendants' Proposal |
|---|---|---|
| Hearing on Motion to Dismiss and Stay Discovery | October 29, 2024 at 2:00 p.m. | |
| Last Day to Amend Pleadings | January 3, 2025 | |
| Last Day to File Class Certification Motion | January 21, 2025 | March 25, 2025 |
| Opposition to Class Certification Motion Due | February 18, 2025 | April 29, 2025 |
| Reply in Support of Class Certification Motion Due | March 18, 2025 | May 26, 2025 |
| Further Status Conference | March 20, 2025 at 2:00 p.m. | |

| Task Description | Current Court Deadline | Defendants' Proposal |
|---|---|---|
| Fact Discovery Cut-Off | April 4, 2025 | May 30, 2025 |
| Deadline for Completing Private Mediation or Private ADR | April 11, 2025 | |
| Opening Expert Reports Due | April 18, 2025 | |
| Rebuttal Expert Reports Due | May 16, 2025 | |
| Expert Discovery Cut-Off | June 13, 2025 | |
| Last Day for Class Certification Hearing | May 6, 2025 at 2:00 p.m. | June 3, 2025 at 2:00p.m. |
| Last Day to Meet and Confer Prior to Filing Dispositive Motion | June 18, 2025 (30 days prior to filing the dispositive motion, the parties must submit a joint two-page statement of undisputed facts with an appendix summarizing exhibits) | |
| Dispositive Motions – Last Day to File | July 18, 2025 | |
| Dispositive Motions – Last Day to Be Heard | August 19, 2025 at 2:00 p.m. | |
| Joint Pretrial Statement, including any objections | November 14, 2025 | |
| Final Pretrial Conference | December 11, 2025 | |
| Trial | January 26, 2026; 10-15 days | |

## TRIAL

**Plaintiffs:** Plaintiffs do not anticipate requesting any revisions to trial date and timeline at this time, provided the discovery stay is lifted so that Plaintiffs can timely prepare a motion for class certification prior to trial.

**Defendants:** Defendants continue to propose 10-15 days for trial.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiffs:** Pursuant to Civil L.R. 3-15, other than the parties in this action, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: LexisNexis Risk Solutions FL Inc.

**Defendants:** Defendants certify the Parties are the only interested entities or persons.

## PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## CONCLUSION

The Parties are not aware at this time of any other issues or matters that may facilitate the just, speedy, and inexpensive disposition of this action.

DATED: September 12, 2024

**KAZEROUNI LAW GROUP, APC**
**KELLET & BARTHOLOW PLLC**

By: */s/ Jason A. Ibey*
Jason A. Ibey
321 N. Mall Drive
Suite R108
St. George, UT 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: jason@kazlg.com

Abbas Kazerouni
Gil Melili
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: ak@kazlg.com
Email: gil@kazlg.com

KELLET & BARTHOLOW PLLC
Theodore O. Bartholow, III (*pro hac vice*)
11300 N. Central Expy., Suite 201
Dallas, TX 75243
Telephone: (214) 696-9000
Facsimile: (214) 696-9001
Email: thad@kblawtx.com

*Attorneys for Plaintiffs Bernard J. Patterson, Joshua P. Adams, and Linda G. Jordan*

| | | |
|---|---|---|
| 1 | DATED: September 12, 2024 | TROUTMAN PEPPER |
| 2 | | HAMILTON SANDERS LLP |

By: */s/ Cindy D. Hanson*
Cindy D. Hanson (*pro hac vice*)
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Telephone:   (404) 885-3830
Email: cindy.hanson@troutman.com

Kalama M. Lui-Kwan
Ryan A. Lewis
Three Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 477-5700
Facsimile:  (415) 477-5710
Email: kalama.lui-kwan@troutman.com
Email: ryan.lewis@troutman.com

Callan Stein
125 High Street
Ste 19th Floor
Boston, MA 02110
Telephone: (617) 204-5103
Email: callan.stein@troutman.com

Joseph Michael DeFazio
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6341
Email: joseph.defazio@troutman.com

*Attorneys for Defendant Early Warning Services, LLC*

DATED: September 12, 2024                                    **MCGUIREWOODS LLP**

                                       By:   */s/ David C. Powell*
                                              David C. Powell
                                              dpowell@mcguirewoods.com
                                              Alicia A. Baiardo, Esq.
                                              abaiardo@mcguirewoods.com
                                              Two Embarcadero Center, Suite 1300
                                              San Francisco, CA 94111-3821
                                              Telephone:  415.844.1970

                                              Molly M. White
                                              mwhite@mcguirewoods.com
                                              1800 Century Park East, 8th Floor
                                              Los Angeles, CA 90067-1501
                                              Telephone:  310.315.8200

                                              *Attorneys for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2024, the foregoing **JOINT CASE MANAGEMENT STATEMENT** was filed electronically with the Clerk of Court for the Northern District of California by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *David C. Powell*
David C. Powell

CASE NO. 3:23-CV-03858-TLT
CERTIFICATE OF SERVICE